UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ANGELO BARCELLA,<br><br>                Plaintiff,<br><br>     v.<br><br>CORIZON MEDICAL, SEVERAL UNNAMED MEMBERS OF CORIZON UMT, DR. REBEKAH HAGGARD, GEN BREWER, RONA SIEGERT, WARDEN ALBERTO RAMIREZ, DIRECTOR JOSH TEWALT, and JOHN DOES I-X,<br><br>                Defendants. | Case No. 1:20-cv-00427-BLW<br><br>**STANDARD DISCLOSURE AND DISCOVERY ORDER FOR PRO SE PRISONER CIVIL RIGHTS CASES** |

      Pursuant to General Order 343, the following standard disclosure and discovery procedures apply to this pro se prisoner civil rights case.

## GENERAL REQUIREMENTS OF PROPORTIONALITY AND RULE 26(g) CERTIFICATION

      All disclosures and discovery requests must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

      All disclosures and discovery requests, responses, and objections must be signed by the sending attorney or pro se party, with a Rule 26(g)(1) certification that, to the best of the signor's belief formed after a reasonable inquiry: (A) disclosures are complete and correct at the time made; and (B) discovery requests, responses, or objections are consistent with the rules and not frivolous, are not for any improper purpose (such as to harass, cause delay, or needlessly increase costs), and are not unreasonable or unduly burdensome or expensive.

**STANDARD DISCLOSURE AND DISCOVERY
ORDER FOR PRO SE PRISONER CIVIL RIGHTS CASES - 1**

## MANDATORY DISCLOSURE

1. **Purposes.** Because the defendants often hold a disproportionate share of the relevant information and prisoners have limited means and access to discovery, the scope of mandatory disclosure will be broader than that outlined in Federal Rule of Civil Procedure 26(a). All parties are expected to produce information, items, and documents in their possession or control relevant to their own and other parties' claims and defenses, using the concept of relevance set forth in Rule 26(b)(1): mandatory disclosure includes all information about a case "regarding any nonprivileged matter that is relevant to any party's claim or defense." In this manner, the Court and the parties work together "to secure the just, speedy, and inexpensive determination" of pro se prisoner actions. Fed. R. Civ. P. 1.

2. **Form.** Disclosures must be in the form prescribed by Federal Rule of Civil Procedure 26. Disclosures must be exchanged among the parties but must not be filed with the Court.

## SPECIALIZED DISCOVERY

1. **Purpose.** The broad scope of mandatory disclosure in pro se prisoner cases is designed to provide the parties with most of the information, items, and documents they need to litigate the case. Therefore, discovery requests should be narrow and limited to only the additional information, items, and documents a party determines it needs to support or to rebut the claims or defenses at issue.

2. **Form.** Discovery requests, responses, and objections must be in the form prescribed by Federal Rule of Civil Procedure 26. Discovery requests, responses, and objections must be exchanged among the parties but must not be filed with the Court.

## RESOLVING DISCLOSURE AND DISCOVERY DISPUTES

1. **Meet and Confer Requirement**. If a requesting party believes that (a) a responding party has failed to make disclosures or discovery in good faith, in whole or in part, and (b) the responding party should be compelled by the Court to provide the disclosure or discovery requested, the parties must first attempt to

resolve their dispute without court action by conferring or attempting to confer in good faith by telephone or by letter. *See* Fed. R. Civ. P. 37(a)(1); D. Idaho Loc. Civ. R. 37.1.

2. **No Initial Court Involvement**. The parties should not send notice of their dispute, their discovery requests, responses, objections, or correspondence regarding disputes to the Court unless the parties are unable to first work out their differences among themselves, and in that event such items should be included only as exhibits attached to a motion to compel or a response to such a motion.

3. **Motions to Compel**. Any motion to compel disclosure or discovery must be accompanied by a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," as described above. Fed. R. Civ. P. 37(a)(1).

## TWO-STEP DISCLOSURE AND DISCOVERY

1. **Step 1: Preliminary Issues.** If, instead of filing an answer, a defendant files a motion under Rule 12(b) or Rule 56 of the Federal Rules of Civil Procedure that addresses preliminary issues, such as failure to exhaust administrative remedies, qualified or absolute immunity, or other preliminary issues,[1] disclosures and discovery will be stayed automatically, with the exception that the defendant must submit with any such motion all information, items, and documents related to the subject matter of the motion. For example, in the case of an exhaustion motion, copies of all grievance-related forms and correspondence, including a copy of any original handwritten forms submitted by the plaintiff, must be submitted. Or, in the case of a qualified immunity motion, information about the scope of an

---

[1] In all but the exceptional case, a defendant may not file motions to dismiss for failure to state a claim upon which relief can be granted because the claims have already been screened for failure to state a claim in an initial or successive review order under 28 U.S.C. § 1915 or § 1915A. If a defendant believes the Court missed a governing legal principle or case, or if the defendant has additional evidence that would support an early motion to dismiss or motion for summary judgment asserting that, under the facts, the plaintiff's claim fails as a matter of law, the defendant may submit such a motion; however, the defendant must simultaneously disclose all of the information, items, and documents relied on by defendant and needed by the plaintiff to respond to the motion.

**STANDARD DISCLOSURE AND DISCOVERY**
**ORDER FOR PRO SE PRISONER CIVIL RIGHTS CASES - 3**

employee's job duties, as well as information about what the employee thought and did, must be included.

2. **Step 2: Merits of Claims and Defenses.** Step 2 applies to claims upon which a plaintiff has been authorized to proceed in an initial or successive review order when (a) the defendant files no preliminary motions that would limit discovery, or (b) some or all of the claims have survived a preliminary Rule 12(b) motion to dismiss or Rule 56 motion for summary judgment.

   A. *Timing of Disclosures and Discovery and Duty to Supplement.*

      1) Disclosures. The parties' mandatory disclosures may begin immediately, but—other than supplemental disclosures under Rule 26(e)—must be completed no later than 60 days after an answer has been filed, unless disclosures are stayed under Step 1.

      2) Discovery. All discovery, including depositions, must be completed by the later of (a) 270 days after entry of the initial or successive review order or (b) 270 days after entry of an order denying all or part of a preliminary Rule 12(b) or Rule 56 motion. Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery deadline.

      3) Supplementation. If the parties discover additional information, items, or documents subject to disclosure or responsive to a discovery request at any time, the parties must send it in a supplement to the opposing party. Fed. R. Civ. P. 26(e).

   B. *Scope of Disclosure and Discovery.* The scope of disclosure and discovery is limited to a time period of one year before the first event giving rise to a cause of action upon which the plaintiff is proceeding, unless good cause is shown to expand that time frame, either as agreed upon by the parties (according to the disclosure and discovery dispute resolution procedures described above) or as ordered by the Court.

C. ***Scope of Disclosure and Discovery.*** The scope of disclosure and discovery is limited to a time period of one year before the first event giving rise to a cause of action upon which the plaintiff is proceeding, unless good cause is shown to expand that time frame, either as agreed upon by the parties (according to the disclosure and discovery dispute resolution procedures described above) or as ordered by the Court.

D. ***Content of Mandatory Disclosures.***

   1) <u>General Content</u>. Disclosures must include all relevant information that, to the party's or the party's employer's knowledge, pertains to any party's claims or defenses in this case, including the names of individuals likely to have discoverable information, along with the subject of the information. The parties must also produce all information, items, and documents in their or their employer's possession or control that are relevant to the issues in this case. Disclosures may be made in a redacted form if necessary for security or privilege purposes.

   2) <u>Protection from Disclosure</u>: For any undisclosed relevant documents which are alleged to be subject to nondisclosure, the disclosing party must provide to the opposing party a security/privilege log particularly describing the documents. Any party may request that the Court conduct an in camera review of withheld documents. If a request for in camera review is filed, then the party withholding the documents must file the unredacted documents ex parte (without serving the opposing party), under seal, and clearly labeled, "in camera review." The Court may order disclosure of all, part, or none of the documents to the other party, and may consider documents filed in camera in the course of the litigation.

E. ***Content of Disclosures for Specific Claims***. Based on the specific claims and defenses at issue, relevant disclosure by one or more of the parties includes the following types of information. **The parties should note that not all of the following types of information may exist in every case; where it does not exist, the parties must so note in their disclosures**. For purposes of the following, the term "act" includes a failure to act.

1) <u>Medical Claims</u>: (a) all relevant medical and mental health records from the past and present, from both inside and outside medical providers if the records of such providers are in the possession or control of the disclosing party or that party's employer; (b) relevant prison records accessible to the parties; (c) internal and external correspondence specific to the claims at issue; (d) witness names and information, including identification of all medical personnel who participated in the plaintiff's medical treatment specifically at issue and the extent of their knowledge of or participation in the plaintiff's treatment at issue; (e) information about why the medical provider selected the course of action or treatment for the plaintiff; (f) any investigations into the act or treatment at issue; (g) any supervisor's knowledge of or reviews of the act or treatment at issue, including internal records; (h) identification of witnesses who heard or saw the defendant's act, the plaintiff's complaints, or the plaintiff's condition, and what they heard or saw; (i) all conversations the plaintiff had with any medical provider or prison personnel about the act or treatment at issue, including the dates, subject matter of, and persons involved in the conversations; (j) all relevant records and all correspondence and writings of any kind, including emails, letters, and journal entries, specific to the claims at issue; (k) whether the plaintiff ever suffered from the same type of complaints before incarceration or at a different facility; (l) any video or audio recordings of the alleged act or treatment at issue; (m) the complete extent of the plaintiff's injuries and damages allegedly caused by the defendant's act and any supporting documentation; and (n) any other information, items, and documents relevant to the specific claims and defenses at issue.

2) <u>Policy-, Custom-, or Practice-Based Claims</u>: (a) the names of all persons who have knowledge of or information about the written or unwritten policy, custom, or practice at issue; (b) all writings (including policies, correspondence, guidelines, emails, letters, and journal entries) that reference or imply the existence of the policy, custom, or practice at issue, whether that policy, custom, or practice is written or unwritten; (c) all information and documents regarding investigations of any kind into the existence of the policy, custom, or practice at issue; and (d) any other

information, items, and documents relevant to the specific claims and defenses at issue.

F. ***Types of Discovery.*** The following types of discovery may be used to obtain information not included in the mandatory disclosures set forth in this Order. "Party" means each separate plaintiff or defendant.

1) Interrogatories.
   a) An interrogatory is a written question or request for information and "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).
   b) No more than 15 interrogatories, with each subpart being counted as a separate interrogatory, may be sent to any party.
   c) The party responding to an interrogatory must do so within 30 days after service of the interrogatory. *See* Fed. R. Civ. P. 33(b)(2).

2) Requests for Production.
   a) A request for production is a written request that the opposing party produce documents or electronically stored information, "including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations," or a written request that the opposing party produce any designated tangible things. Fed. R. Civ. P. 34(a)(1).
   b) No more than 10 requests for production may be sent to any party.
   c) The party responding to a request for production must do so within 30 days after service of the request. *See* Fed. R. Civ. P. 34(b)(2)(A).

3) Requests for Admission.
   a) A request for admission is a written request that the opposing party "admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" that relate to "(A) facts, the application of law to fact, or opinions about either; [or] (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).
   b) No more than 10 requests for admission may be sent to any party.
   c) Unless the opposing party responds to a request for admission within 30 days after being served, the matter is deemed admitted. *See* Fed. R. Civ. P. 36(a)(3).

4) <u>Depositions</u>.
   a) As stated above, depositions, if any, must be completed by the later of (a) 270 days after entry of the initial or successive review order or (b) 270 days after entry of an order denying all or part of a preliminary Rule 12(b) or Rule 56 motion.
   b) If a defendant wants to take the deposition of the plaintiff or other witnesses who are incarcerated, leave to do so is hereby granted. Any such depositions must be preceded by 10 days' written notice to all parties and deponents.
   c) If the plaintiff wishes to take depositions, the plaintiff must file a motion requesting permission to do so, specifically showing the ability to comply with the applicable Federal Rules of Civil Procedure by providing the names of the proposed persons to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of that cost.
   d) The parties and counsel must be professional and courteous to one another during the depositions.
   e) The court reporter, who is not a representative of the defendant, will be present to record all of the words spoken by the plaintiff (or other deponent), counsel, and any other persons at the deposition. If the plaintiff (or other deponent) wants to ensure that the court reporter did not make mistakes in transcribing the deposition into a written form, then the plaintiff (or other deponent) can request the opportunity to read and sign the deposition, noting any discrepancies between what is transcribed and what the plaintiff (or other deponent) believes was said.

5) <u>Requests for Subpoenas Duces Tecum</u>.
   a) A subpoena duces tecum is a writ issued by the Court ordering a nonparty to produce certain documents to a party. Fed. R. Civ. P. 45.
   b) All requests for subpoenas duces tecum must be made by the later of (a) 180 days after entry of the initial or successive review order, or (b) 180 days after entry of an order denying all or part of a preliminary Rule 12(b) or Rule 56 motion. No requests for subpoenas duces tecum will be entertained after that date.

c) To obtain a subpoena duces tecum for production of documents by nonparties, the plaintiff must first submit to the Court the names, addresses, and the type of information sought from each person or entity to be subpoenaed. The plaintiff must also explain the relevance of the documents requested to the claims. The Court will then determine whether the subpoenas should issue.[2]

**ADDITIONAL DISCOVERY**

The mandatory disclosure requirements and discovery limits in this Order are presumed to be sufficient for all but a few prisoner cases. A party shall not willingly fail to comply with the mandatory disclosure requirements or exceed the discovery limits discussed in this Order without first seeking leave of court. A party who seeks to pursue additional discovery must first satisfy the disclosure and discovery dispute resolution process described above. If the parties are unable to resolve a dispute during that process, the party seeking additional discovery may then file a short motion setting forth what additional discovery they want to request and demonstrating why the disclosures and discovery detailed in this Order are not sufficient as applied to the party's particular case.

DATED: October 1, 2020

_____
B. Lynn Winmill
U.S. District Court Judge

---

[2] Subpoena requests for trial appearances of witnesses may not be filed until the case is set for trial.