Case No: 1:20-cv-00427-BLW  Inmate Name: Barcella
Date: 01/13/21  Inmate IDOC#: 56305
Document Title: Case Update
Total Pages: 6  Inmate Initials Verifying Page Count: GB
Document(s) 1 of 1

Gerald Angelo Barcella 56305
ISCI Unit 13
P.O. Box 14
Boise, Idaho 83707

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

Gerald Angelo Barcella,
    Plaintiff,

v.

Corizon, LLC, Dr. Rebekah
Haggard, Gen Brewer, Rona
Siegert, Warden Alberto
Ramirez, and Selah Worley,
    Defendanst,

Case No. 1:20-cv-00427-BLW

**CASE UPDATE BY PLAINTIFF AND DECLARATION IN SUPPORT OF CASE UPDATE BY PLAINTIFF**

COMES NOW, Gerald Angelo Barcella, Plaintiff in the above-listed matter with an update on case progress since this Honorable Court's Order on December 31, 2020. In its Order, this Court stated, "There seems to have been no update by either party regarding whether Plaintiff had the MRI and EMG ordered by P.A. Wren, and if so, what the results showed."

Plaintiff felt obliged to briefly update the Court on MRI and EMG results and Plaintiff's subsequent surgical consult appointment with neurosurgeon Bradley.

### I. Recent MRI, EMG, and X-ray Results

Recent MRI and X-rays showed some injury progression, particularly regarding foraminal stenosis and two antero-lystheses. Dr. Bradley told Plaintiff the EMG ("electrical tests") showed consistency with right side foraminal stenosis. The MRI mentioned severe and moderate foraminal stenosis at multiple levels of the lumbar spine. The EMG also showed left side impingemment.

### II. PLAINTIFF'S JANUARY 5, 2021 APPOINTMENT WITH DR. BRADLEY

The following information is taken from Plaintiff's journal entries

DECLARATION IN SUPPORT OF CASE UPDATE BY PLAINTIFF

COMES NOW, Gerald Angelo Barcella, and declares pursuant to 28 USC 1746:

1. I am over 18 years of age and competent to make this declaration, have personal knowledge of the matters herein, and would testify truthfully at trial or hearing.

2. I met with neurosurgeon William Bradley (Dr. Bradley) on January 5, 2021, for a surgical consult for lower back and sciatic pain.

3. I had previously met with P.A. Steven Wren, from Dr. Bradley's office, on October 28, 2020 and again on December 15, 2020.

4. The following information regarding my January 5, 2021 appointment with Dr. Bradley is true and correct and taken from my journal notes taken that day.

5. After greetings, Dr. Bradley asked me where my pain was the worst. I told him on the right side: lower back, right glute, around the right hip, and front and right side of right shin.

6. Dr. Bradley told me the MRI and EMG results were consistent with consistent with foraminal narrowing--right side worse than the left side.

7. Dr. Bradley said he recommended a foraminotomy and what he said he calls a "laminotomy."

8. He said these procedures would not decrease the back pain. Only the sciatic pain.

9. He said he would go through a small incision in my lower right back at the L4-L5 and L5-S1 levels to perform the foraminotomy and laminotomy to remove bone on the vertebrae in various areas including the foramins, working from right to left to also clean up the left side somewhat.

10. Dr. Bradley said the procedures would remove bone and connective tissue.

11. Dr. Bradley told me I could possibly see a 70% improvement in sciatic pain, with a 5-10% chance of no improvement, and a 1%, or less, chance of pain becoming worse.

12. Dr. Bradley told me I may need another surgery "later." I took this to mean a similar procedure. I would receive no pain relief in my lower back.

14. I asked Dr. Bradley about the multi-level, and one particulary bad, disc bulge. He said he would not touch the discs because doing so would thin the walls of them and weaken them possibly causing blowouts later on.

15. I asked Dr. Bradley why he couldn't replace my discs with artificial discs. He said my vertebrae were "shot." The bone was too worn to use them.

16. The specialist told me, "This is it. This is what you have left until you die. You have a bad back. If it gets worse you will need to get it fused."

17. The doctor went on to say that fusions were "good when they work," suggesting they do not always have positive results. That was my impression.

18. I understood Dr. Bradley to say I should try to deal with the pain short of getting a fusion, because of success rates, seriousness of the surgery, etc. I don't know how long I will be able to stand the lower back pain.

19. Dr. Bradley then asked if Corizon would allow me to have strong pain medication post-surgery. The Correctional Officers accompanying me and I said that our past experiences were "yes."

20. My current lower back pain has been hovering around level 5 out of 10, with acute lower back pain going much higher. It always hurts.

21. Dr. Bradley said he didn't think the anterolysthesis at the L3-L4 levels would "slip" due to the surgery. One vertebrae hangs over another.

22. Plaintiff agreed to the surgery.

### CONCERNS WITH CORIZON MEDICAL AND P.A. WREN

23. In its October 1, 2020 Order this Honorable Court ordered Defendants to send Plaintiff to a video visit or in-person appointment with Dr. Bradley.

24. Defendants instead sent Plaintiff to meet with P.A. Wren on October 28, 2020.

25. Plaintiff's reception was received much differently than he had been by Dr. Bradley. P.A. Wren told first told Plaintiff that his condition was too bad to surgically corrected. At the end of the visit the P.A. changed his story that Plaintiff's back injury was too minimal for surgery.

26. P.A. Wren told Plaintiff that Corizon had told Wren that Plaintiff had a federal judge order them to send Plaintiff to the visit.

27. P.A. Wren would not deny that Corizon staff told him that Plaintiff's injury was minimal, that he was working long hours and he was uncooperative with their treatment plans.   See Decl. G.A.B. 11/01/20

28. P.A. Wren was very unreceptive to Plaintiff and tried to discourage him from any advanced procedures. (any surgeries)

29. On December 16, 2020 Plaintiff met with P.A. Wren, again at the request of Corizon. Plaintiff's x-rays were not forwarded at that time.

30. P.A. Wren tried to deny Plaintiff to see Dr. Bradley. Plaintiff had to beg to see the surgeon.

31. P.A. Wren stated that the MRI and EMG didn't show any reason for Plaintiff's symptoms.

32. The P.A. at the same time said Plaintiff's discs were all worn out

and nothing could be done about any of his pain, as far as surgery went.

33. P.A. Wren said there was no right-side foraminal narrowing, despite the MRI report stating in bold text "SEVERE FORAMINAL NARROWING" at several levels of the lumbar spine.

34. Plaintiff firmly believes P.A. Steve Wren is compromised by Corizon in this case and has Corizon's best interests at heart.

35. Plaintiff believes future interactions between Plaintiff and P.A. Wren will have Mr. Wren doing Corizon's bidding as he did previously.

36. Plaintiff has no confidence whatsoever in P.A. Wren's sincerity regarding Plaintiff and his injury and any future health care decisions.

37. Plaintiff requests that future appointments between Plaintiff and Dr. Bradley's office in regards to any follow-up procedures, any diagnoses, and any procedure recommendations be between Plaintiff and Dr. Bradley.

38. Plaintiff sees that Corizon is not above expounding negative and false information about Plaintiff to meet their own goals regarding treatment options.

39. In light of Dr. Bradley's statements that Plaintiff may need future surgical procedures Plaintiff feels this is a serious issue and asks only, as always, to be treated fairly.

40. Plaintiff hopes, in light of possibility of continuity of care that P.A. Wren is not involved in Plaintiff's health care decisions.

Pursuant to 28 USC 1746 I declare under penalty of perjury that the contents of this Declaration are true and correct

DATED this 13th day of January, 2021.

_Gerald Angelo Barcella_
Gerald Angelo Barcella

CASE UPDATE BY PLAINTIFF AND DECLARATION IN SUPPORT - 5

## CERTIFICATE OF SERVICE

I, Gerald Angelo Barcella, certify that on this 13th day of January 2021, I caused a true and correct copy of the attached document to be served on the below listed parties by giving it to the ISCI Paralegal for electronic filing.

Dylan Eaton
Kevin West
Parsons, Behle & Latimer
800 West Main Street, Suite 1300
Boise, Idaho 83702

Robert A. Berri
Deputy Attorney Beneral for Idaho
1299 North Orchard, Ste. 110
Boise, Idaho 83706

_____
Gerald Angelo Barcella