Case No: 1:20-cv-00427-BLW
Date: 01/21/21
Inmate Name: Barcella
Inmate IDOC#: 56305
Document Title: Motion For Order To Cease And Desist
Total Pages: 8
Inmate Initials Verifying Page Count: G B
Document(s) 1 of 1

Gerald Angelo Barcella 56305
ISCI Unit 13
P.O. Box 14
Boise, Idaho 83707

IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

Gerald Angelo Barcella,
    Plaintiff,

v.

Corizon, LLC, Dr. Rebekah
Haggard, Gen Brewer, Rona
Siegert, Warden Alberto
Ramirez, and Selah Worley,
    Defendants.

Case No. 1:20-cv-00427-BLW

**MOTION FOR ORDER TO CEASE AND
DESIST AND DECLARATION IN SUPPORT
OF MOTION TO CEASE AND DESIST**

    COMES NOW, Gerald Angelo Barcella, Plaintiff in the above-listed matter, hereby humbly requesting this Honorable Court grant Plaintiff's Motion for an Order for any, and all, persons or entities named, or unnamed in this matter, from any and all actions which allow Defendant Selah Worley involvement in Plaintiff's health care other than emergent care, for the reasons of conflict of interest and the reasons listed herein.

## I. BACKGROUND

    On August 27, 2020 Plaintiff filed a 42 U.SC. 1983 Complaint alleging deliberate indifference to Plaintiff's medical needs regarding back and sciatic pain, injury and kidney disease caused by Defendants' deliberate indifference by treating Plaintiff for years with NSAID drugs.

    On October 1, 2020, this Honorable Court, in its Initial Review Order ordered Defendants to schedule Plaintiff for a video-visit or in-person visit with neurosurgeon William Bradley or comparable provider, or show cause why they should not schedule the visit.

MOTION FOR ORDER TO CEASE AND DESIST AND DECLARATION IN SUPPORT - 1

On October 28, 2020 and again on December 15, 2020 Plaintiff met with P.A. Steve Wren from Dr. Bradley's office. At the second visit P.A. Wren recommended a surgical consult between Plaintiff and Dr. Bradley.

On December 31, 2020 this Honorable Court issued an Order granting in part, and denying in part, Plaintiff's Motion for Appointment of Cousel, and granting in part, and denying in part, Plaintiff's Motion to Appoint Expert Witness (DKT. 40).

On January 5, 2020, Plaintiff met with Dr. Bradley for the surgical consult. The neurosurgeon recommended surgery.

On January 13, 2020 Plaintiff filed a Case Update by Plaintiff, in response to this Court's stating, in it's Order that it had no update as to the status of the treatment path.

Plaintiff's Update goes into details of Plaintiff's visit with Dr. Bradley and Plaintiff refers this Honorable Court to that Update regarding the doctor's recommendations, where this case is at, as of this date, etc. On January 14, Plaintiff was called to the Medical building at ISCI, where he resides, for an Open Clinic (OPC) appointment for an offsite surgical specialist (OSS) follow-up with a Corizon provider.

## II. DECLARATION IN SUPPORT OF MOTION TO CEASE AND DESIST

1. Since October 28, 2020 Defendants have repeatedly appointed Defendant Selah Worley to oversee my treatment plan, have repeatedly scheduled me to see Defendant Worley at Offsite Surgical Specialist (OSS) appointment follow-up appointments onsite at ISCI, to approve, deny or plan the treatment path going forward.

2. I have repeatedly told Corizon staff that N.P. Worley is a prominent defendant in a federal civil rights lawsuit for failing to provide

constitutionally mandated care related to what the treatment path the
appointments were for.

3. I have repeatedly told Corizon staff that Worley is playing a major
role in denying allegations I proffered against her and Corizon, LLC, my
seeing her related to this matter was a conflict of interest, that it was
improper for her to be involved in decisions I was suing her for failing
to properly make, and that I did not trust her.

4. I have repeatedly requested Corizon staff to "red flag" me from seeing
her in clinic and to preclude her from participation in my treatment.

5. Upon information and belief, Corizon regularly red flags litigants
from being treated by providers they are suing.Litigants have told me this.

6. At the January 14, 2021 check-in for the OSS offsite follow-up, at
ISCI Medical, LPN Schnell told plaintiff that I was scheduled to see Worley
for the surgical consult follow-up, and for a medication increase an unrelated
issue.

7. I told Ms.Schnell that Worley was a defendant in a pending lawsuit
I filed for failing to provide constitutionally mandated care and she had
no business being involved in a process she was already being sued for failing
to adequetely perform.

8. I told Schnell that Worley was a prominent figure in contesting the
litigation.

9. Schnell wanted me to see Worley saying it would be okay.

10. I told Schnell I wanted to see another provider and she adamantly
refused my request.seven to ten times.

11. Schnell said she would accompany me in the visit and it would be
okay.

MOTION FOR ORDER TO CEASE AND DESIST - 3

12. I told Schnell that I did not trust Worley, that she had made false entries in medical record, and she could put anything in my medical record after the appointment.

13. Schnell wanted me to sign a refusal slip. I refused, saying the appointment was very important, that Dr. Bradley wanted to schedule the surgery for "the last week of January," and that by being refused to see a provider would interfere with my treatment path.

14. Schnell called in the Sick Call Nurse to witness my refusal to sign the refusal slip.

15. The sick call nurse asked Schnell, "Why don't you just let him see another provider."

16. Schnell refused to answer despite her face being within two feet of the other nurse's face and looking directly at her.

17. I saw at least one other provider in the hallway. Staff had allowed me to see him in prior instances when this issue had previously happened.

18. Patients are regularly bounced from one provider to another.

19. There are usually three to five Nurse Practitioner or Physcian's assistant providers working at medical during normal hours.

20. Several times I denied Ms. Schnell's requests to sign the refusal. I was told I could not leave until I signed it.

21. I signed the refusal under duress and stated so on it and listed this case number.

22. I repeatedly told Schnell this was interfering with my treatment path and that Dr. Bradley wanted to do the surgery in less than two weeks and her refusal to allow me to see another provider would interfere with my surgery scheduling.

23. I left the intake office and left the premises.

24. Upon information and belief, and my personal experiences after four years, at ISCI, that Corizon custom, policy and training is such that staff are loath to make any accommodations to facilitate smoother transition of patient healthcare; there is to be no acquiescing to inmate requests like this.

25. I do not believe an entry-level medical staff member should be allowed to interfere with treatment ordered by an offsite specialist, or court orders for treatment stemming from court order.

26. As of this date I have not been scheduled for another offsite follow-up.

27. I sent an Inmate Concern Form (ICF) to Corizon Offsite scheduler Tomi Takeda on January 9, 2021 asking if the surgery was approved or denied and schedualed. No response has been received as of this date.

28. At all my prior offsite follow-up appointments the provider at that session put in the referral to Corizon Utilization Management Team (UMT) members for approval of the request made by the specialist at the offsite appointment. The UMT could also deny treatment, imaging, or testing requests in the referrals also.

29. I sent an e-mail to my Court appointed counsel regarding this have not received any response.and felt it necessary to resolve this issue.

30. I do not trust Defendant Worley's participation in my treatment. Worly has proffered false information in my medical record and in her Declaration concerning the secverity of my conditions, proper treatment protocols and information I relayed to her at past OPC appointments.

31. I feel that Defendant Worley may enter false allegations against me regarding any interactions at any in-person appointments with her in regard to my

MOTION FOR ORDER TO CEASE AND DESIST AND DECLARATION IN SUPPORT - 5

statements and behavior.

32. Any allegations of impropriety, whether true or false, would result in me being reprimanded or punished by the Idaho Department of Corrections and could result in me being denied parole and forced to spend the rest of my life in prison.

33. I have no faith that further voluntary requests or complaints, by myself, in light of their consistent behavior will result in Corizon Defendants stopping appointing Worley to oversee my healthcare.

34. From my prior experiences with Worley she is confrontive and abrasive and easily inflammed in her interactions with me.

35. Upon information and belief, from my conversations with other inmates and inmate litigants, Worley is confrontive, volatile and prone entering false data and accusations against patients.

36. Worley has already proffered untruthful statements in her Declaration as to the stage and severity of my chronic kidney failure (as noted by the Court), and regarding my back pain and injury and activities of daily living.

37. I believe that Worley will try to sabotage my treatment in this case and in any other medical treatments I may need for anything else.

38. I am not comfortable with, and do not want, any interactions with, or any treatment decisions made by Worley in any areas of my life or care.

39. I believe Corizon employees, including Ms. Schnell, and Defendant Worley know it is a conflict of interest, impractical, illogical and immoral to include Defendant Worley in any treatment protocols, or treatment decisions regarding me.

40. I believ Corizon employees are very capable to trying to sabotage my treatment

MOTION FOR ORDER TO CEASE AND DESIST AND DECLARATION IN SUPPORT - 6

protocol, this case, and my life in general and would have no moral quandry in doing so.

41. Retaliation by Corizon, LLC staff is an ongoing, purvasive issue on a daily basis against IDOC inmates witnessed by me on an ongoing basis, as recently as yesterday.

42. Upon information and belief, no private medical provider in society would ever schedual, never mind force, a plaintiff in a lawsuit against them, to be treated by or interact with them or defendants employed by them.

### III. CONCLUSION

For the reasons included herein, I humbly request this Honorable Court Order that Defendant Selah Worley not be involved in any treatment of me, for at least the remainder of this case. I don not consider this request to be irrational or extravagant in light of Defendants' actions, the conflict of interest it presents, and in the interest of justice and fair play.

I declare that I am Plaintiff in the above-listed matter, that I am over the age of eighteen years and am competent to make this Declaration.

Pursuant to 28 USC 1746 I declare under penalty of perjury that the contents of this Declaration are true and correct.

DATED this 21st G-B day of January, 2020.

Gerald Angelo Barcella

MOTION FOR ORDER TO CEASE AND DESIST AND DECLARATION IN SUPPORT - 7

## CERTIFICATE OF SERVICE

I, Gerald Angelo Barcella, certify that on this 21st day of January, 2021 caused a true and correct copy of the attached document to be served upon the below listed individuals by handing it to the ISCI paralegal for electronic filing with the Court.


Robert A. Barry
Deputy Attorney General for Idaho
1299 N. Orchard St, Ste. 110
Boise, Idaho 83706

Kevin West
Dylan Eaton
Parsons, Behle, & Latimer
800 W. Main St., Ste. 1300
Boise, Idaho 83702

Gerald Angelo Barcella