Dylan A. Eaton, ISB #7686
DEaton@parsonsbehle.com
Andrew R. Alder, ISB #9971
AAlder@parsonsbehle.com
Parsons, Behle & Latimer
800 W. Main Street, Suite 1300
Boise, Idaho 83702
Telephone:     (208) 562-4900
Facsimile:     (208) 562-4901

Counsel for Defendants Corizon, LLC, Dr. Rebekah Haggard, Gen Brewer and Selah Worley

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ANGELO BARCELLA,<br><br>    Plaintiff,<br>v.<br><br>CORIZON MEDICAL, SEVERAL UNNAMED MEMBERS OF CORIZON UMT, DR. REBEKAH HAGGARD, GEN BREWER, RONA SIEGERT, WARDEN ALBERTO, DIRECTOR JOSH TEWALT, and JOHN DOES I-X,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:20-cv-00427-BLW<br><br>**CORIZON DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ORDER TO CEASE AND DESIST [DKT. 51]** |

Defendants Corizon, LLC[1], Dr. Rebekah Haggard, Gen Brewer, and Selah Worley[2] (hereinafter "Corizon Defendants"), by and through their counsel of record, Parsons Behle & Latimer, submit this response to Plaintiff's Motion for Order to Cease and Desist [Dkt. 51].

---

[1] Corizon Medical is not a proper company name or party for this case. Defendants do not object to the Court substituting Corizon, LLC for Corizon Medical in this case.

[2] Selah Worley was misnamed in the Complaint as "Sila Worley." Defendants do not object to the Court substituting Selah Worley for Sila Worley in this case.

## I.  INTRODUCTION

Plaintiff seeks an "Order that Defendant Selah Worley not be involved in any treatment of [Plaintiff], for at least the remainder of this case." [Dkt. 51, p. 7.] He claims that Worley and "Corizon employees" are trying to "sabotage" his treatment and engaging in "retaliation." Plaintiff's motion should be denied because the motion is procedurally improper as the allegations are not part of Plaintiff's Complaint, and the motion fails to meet the burden required for the Court to issue a mandatory injunction.[3] Additionally, the allegations are not supported by the facts and Plaintiff has been seen by multiple onsite and offsite providers over the last several months and recently underwent back surgery.

## II.  ARGUMENT

### A. **The Motion is Procedurally Improper and Fails Meet the Burden Required for the Court to Issue a Mandatory Injunction**

Plaintiff's motion and the relief sought therein is not procedurally proper. Plaintiff's Complaint does not include a claim for retaliation, and it would be improper for the Court to make a finding of retaliation based merely on the conclusory allegations set forth in the instant motion. Plaintiff should not be permitted to allege and obtain relief for new causes of action brought in the form of a motion to "cease and desist." The Court should not dictate which Corizon providers can and cannot provide medical care and treatment to Plaintiff during the pendency of his lawsuit.

Though not titled as such, the specific relief Plaintiff seeks—an Order prohibiting Defendant Worley from being involved in Plaintiff's care and treatment—is yet another attempt

---

[3] Plaintiff's Cease and Desist Motion was filed by Plaintiff *pro se* after counsel was appointed for him on a limited basis. It is troubling that Plaintiff continues to pursue this motion that is based on claims not at issue in the complaint and that makes serious, but unsubstantiated and conclusory, allegations (including fraud) against hard working providers at the prison.

by Plaintiff to obtain a preliminary injunction, which is "an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). Moreover, the relief sought, if granted, would constitute a mandatory injunction. Rather than preserving the status quo pending a determination on the merits, a mandatory injunction orders a party to take action. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 879 (9th Cir. 2009). Because a mandatory injunction "goes well beyond simply maintaining the status quo pendente lite [it] is particularly disfavored." *Id.* (internal alterations omitted). There has to be a "clear showing" that the moving party is entitled to the relief sought, and "[i]n general, <u>mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'</u>" *Id.* (quoting *Anderson v. United States,* 612 F.2d 1112, 1115 (9th Cir.1979)) (emphasis added). As explained below, Plaintiff is receiving regular onsite and offsite treatment, and there is no evidence that extreme or very serious damage will result if Defendant Worley continues participating in Plaintiff's treatment.

B. **<u>Plaintiff's Allegations in the Complaint Have No Merit</u>**

Plaintiff does not site any legal authority for the proposition that an inmate cannot be treated by a provider against whom he has filed suit due to potential bias. In fact, "there is no constitutional right to a medical provider of one's own choice." *Mubita v. Corrections Corp. of America*, No. 1:13-cv-00282, 2014 WL 585715, at *6 (D. Idaho Feb. 14, 2014) (citing *Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986) ("A prison inmate has no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution.") Nor does the Eighth Amendment provide a right to a specific treatment. *Mubita*, 2014 WL 585715, at *6. (citing *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.

1997) ("[The plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her."); *see also Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("[A] difference of opinion between a prisoner-patient and prisoner medical authorities regarding treatment does not give rise to a § 1983 claim.")

Plaintiff's claim that there are usually "three to five Nurse Practitioner or Physician's assistant providers working at medical" is not correct. *See* Declaration of Tonya McMilian in Support of Corizon Defendants' Response to Plaintiff's Motion for Order to Cease and Desist ("McMilian Decl.") ¶ 7. There are usually two providers (provider meaning nurse practitioner, physician assistant, or physician) at a time in the outpatient clinic. *Id.* At times, there is only a single provider available to see patients. *Id.* It is not reasonable or practicable to have an inmate switched to a different provider on the day of an appointment that has already been scheduled. *Id.* Moreover, it is not reasonable or practicable to allow inmates to choose the provider who sees them. *Id.* Further, it is absolutely not true that Corizon staff "regularly red flags litigants from being treated by providers they are suing." *Id.* ¶ 8. To the contrary, it is not reasonable or practicable to avoid having inmates seen by providers they are suing. *Id.* Setting a precedent that inmates get to choose which medical staff or providers they see for treatment would undoubtedly be detrimental to the prison medical system causing constant shifting of appointments to a point that the system would be unworkable.

The facts do not support Plaintiff's conclusory allegations that Defendant Worley and Corizon staff are retaliating against him and/or sabotaging his treatment. Regarding Defendant Worley, Plaintiff fails to provide any specific facts or evidence as to how Worley is engaging in retaliation or sabotaging his treatment. In fact, Worley has not personally provided direct medical

care or treatment to Plaintiff since May 21, 2020, before the lawsuit was filed. *See* Declaration of Selah Worley, N.P. in Support of Corizon Defendants' Response to Plaintiff's Motion for Order to Cease and Desist ("Worley Decl.") ¶ 4. (Other providers have been treating Plaintiff based on the medical providers' schedules, but Worley certainly could see him in the future.) Defendant Worley was not involved in the scheduling of Plaintiff's appointment with her on January 14, 2021, she did not see or talk to him on that day, and she was not present for any portion of the conversation or encounter he had with the nurse scheduler at check in when Plaintiff stated his refusal to be seen by Worley. Worley Decl. ¶ 5. She had no role in Plaintiff's signing of the refusal of care form on January 14, 2021.

Defendant Worley categorically denies Plaintiff's conclusory and baseless allegation that she has ever "proffered false information in [Mr. Barcella's] medical record" or in her previous Declaration dated October 23, 2021. Worley Decl. ¶ 6. Such allegations are akin to allegations of fraud, which has substantial elements of proof and is a serious accusation for which Plaintiff has no proof or substantiation other than his own conclusory allegations. *See, e.g.*, *Aardema Group, LLC v. Northwest Dairy Ass'n*, 2009 WL 1748082, at *3 (D. Idaho June 17, 2009); Fed. R. Civ. P. 9(b). Defendant Worley categorically denies retaliating against Plaintiff in any form or otherwise sabotaging his treatment. Worley Decl. ¶ 7. The pending lawsuit has not and will not affect the medical care and treatment that Worley will provide to Plaintiff. Worley Decl. ¶ 8.

As for Corizon staff generally, the facts and evidence do not support Plaintiff's conclusory allegations of retaliation. Although inmates are asked to sign a refusal when they decline treatment, inmates are not forced to sign the refusal, and they are free to leave the clinic at any time. McMilian Decl. ¶ 4. Indeed, it is not uncommon for inmates to leave without signing the refusal, in which case a staff member simply signs the form acknowledging they were a witness to the refusal. *Id.*

Moreover, after Plaintiff refused to be seen by Selah Worley on January 14, 2021, he was rescheduled and seen by a different provider shortly thereafter on or about January 21, 2021. McMilian Decl. ¶ 5. Since the time Plaintiff was seen by Dr. Bradley's office on October 27, 2020, he has had several follow-up appointments both on-site and off-site, including on November 11, 2020 (on-site), November 17, 2020 (on-site), November 25, 2020 (off-site), December 2, 2020 (off-site), December 7, 2020 (on-site), December 9, 2020 (on-site), December 15, 2020 (off-site), December 30, 2020 (on-site), January 5, 2020 (off-site), and January 21, 2021 (on-site). McMilian Decl. ¶ 6. Additionally, on February 8, 2021, Plaintiff underwent an off-site back surgery performed by Dr. Bradley. *Id.* This history of numerous on-site and off-site appointments over the last several months, <u>including a back surgery</u>, is strong evidence that Corizon staff have not retaliated against him or otherwise sabotaged his treatment. And, Plaintiff's conclusory allegations come nowhere close to supporting an unwarranted mandatory injunction.

### III.   CONCLUSION

For all of the reasons discussed above, the Corizon Defendants respectfully request that the Court deny Plaintiff's Motion for Order to Cease and Desist.

DATED this 11th day of February, 2021.

PARSONS BEHLE & LATIMER

By: */s/ Dylan A. Eaton*
    Dylan A. Eaton
    Andrew R. Alder
    Counsel for Defendants Corizon, LLC, Dr. Rebekah Haggard, Gen Brewer and Selah Worley

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of February, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Robert A. Berry
Office of the Attorney General
robert.berry@ag.idaho.gov
*(Counsel for Defendants Rona Siegert and Warden Alberto Ramirez)*

Craig H. Durham
FERGUSON DURHAM, PLLC
chd@fergusondurham.com
*(Counsel for Plaintiff)*

By: */s/ Dylan A. Eaton*
    Dylan A. Eaton
    Andrew R. Alder