Dylan A. Eaton, ISB #7686
DEaton@parsonsbehle.com
Andrew R. Alder, ISB #9971
AAlder@parsonsbehle.com
Parsons, Behle & Latimer
800 W. Main Street, Suite 1300
Boise, Idaho 83702
Telephone:     (208) 562-4900
Facsimile:     (208) 562-4901

Counsel for Defendants Corizon, LLC, Dr. Rebekah Haggard, Gen Brewer and Selah Worley

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ANGELO BARCELLA,<br><br>    Plaintiff,<br>v.<br><br>CORIZON MEDICAL, SEVERAL UNNAMED MEMBERS OF CORIZON UMT, DR. REBEKAH HAGGARD, GEN BREWER, RONA SIEGERT, WARDEN ALBERTO, DIRECTOR JOSH TEWALT, and JOHN DOES I-X,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:20-cv-00427-BLW<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

WHEREAS, the Parties in the above-captioned matter believe that certain information is or will be revealed in the course of this proceeding that is of a proprietary and/or confidential nature, including but not limited to Corizon and IDOC policies and procedures, which likely will be produced in this case;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned Parties, through their attorneys (as applicable), that the following terms for treatment of confidential information apply to and will be adhered to in the present case.

1. **DEFINITIONS**

    (a) "Confidential Information" when used in this Stipulation shall encompass information that is designated "Confidential" or "Attorneys Eyes Only." "Confidential" information includes any documents produced by any Party in this action, or by a third party in response to a subpoena, which are, in good faith, determined by the Disclosing Party to contain confidential or proprietary information, or other commercially sensitive or personally sensitive information of a non-public nature.

    In some instances, the disclosure of certain information may be of such a highly confidential nature or may encompass important security-related information that would reveal security-related or safety-related processes and procedures at IDOC facilities or financial or other highly sensitive, confidential and proprietary information of Corizon or other parties that it requires greater protection than that afforded to information designated "Confidential." Any such information may be designated by a Disclosing Party as "Attorneys Eyes Only" if, in the discretion of the Disclosing Party, it is determined in good faith: (1) to contain non-public information of a competitively or commercially sensitive, proprietary, financial, security, or trade secret nature, or to involve or implicate the privacy interests of persons who are not a party to this lawsuit; and (2) that disclosure of such information to the other Party may be unduly detrimental to the Disclosing Party's or third party's interests, or to employee, contractor, offender

and/or facility safety and security, or to the provision of constitutionally adequate medical and/or mental health care.

Such documents may be designated as Confidential Information, and so marked, by stamping each page of the document "Confidential" or "Attorneys Eyes Only." The Parties shall act in good faith and on a reasonable basis when designating any material as being "Confidential" or "Attorneys Eyes Only."

(b) "Documents" when used in this Stipulation shall mean all written, recorded, electronic, or graphic matter whatsoever, including but not limited to materials produced in connection with this matter, and any portion of any court papers that quote any of the foregoing.

(c) "Parties" shall mean the Plaintiff, Defendants, and any third party who agrees to be bound by this Order. "Disclosing Parties" shall mean Plaintiff, Defendants, and any third parties who produce Documents or other information covered by the Stipulation, including those Parties' officers, directors, employees, and agents.

**2. TREATMENT OF CONFIDENTIAL INFORMATION**

(a) Restriction of Confidential Information. Any information, whether revealed in deposition testimony, responses to discovery, or through documents produced in the course of the proceeding designated by either Party as CONFIDENTIAL, shall not be disclosed to: the general public, business competitors of either Party, the press or news media, and customers or potential customers of any Party, and shall not be used by any Party in connection with their business. Confidential Information may be used for the purpose of preparation for the above-captioned action. Disclosure of Confidential Information shall be limited to: (1) counsel for either Party (including partners and

associates of such counsel); (2) the specific parties named in this action; (3) employees or agents of such counsel in connection with the preparation of this action; (4) board members, appointees, agents, representatives, or employees of Defendant who are involved in the management of the proceeding; (5) consultants or experts engaged by counsel for either Party in connection with the preparation for this action; and (6) the U.S. District Court of Idaho (hereinafter Court), subject to a mutual agreement by the Parties that the confidential nature of the documents be preserved by an order sealing the documents, or by such other means as the Court shall direct. Any person to whom the information designated CONFIDENTIAL is to be disclosed pursuant to (5) of this paragraph of this Stipulation and Plaintiff shall be informed of the content of this Stipulation prior to said disclosure and shall agree to be bound by its terms by signing a Certificate of Consent in a form substantially similar to that set forth in the following paragraph 2(b) of this Stipulation.

(b) Restriction of Information Designated "Attorneys Eyes Only." Information which is designated ATTORNEYS EYES ONLY shall be disclosed only to the following persons who have agreed in writing or have been ordered to be bound by this Protective Order : (1) counsel for either Party including partners and associates of such counsel provided that such counsel has read this Protective Order, and has agreed in writing to be bound thereby; (2) employees or agents of such counsel in connection with the preparation for this action, provided that such employees or agents have read this Protective Order, and have agreed in writing to be bound thereby; (3) consultants or experts engaged by counsel for either Party in connection with the preparation for this action, provided that such expert or consultant has read this Protective Order, and has

agreed in writing to be bound thereby; (4) such other persons as hereafter may be designated by written stipulation of the Parties or by further order of the Court; and (5) the Court and Court personnel. Plaintiff may not receive documents designated as "ATTORNEY EYES ONLY." The Parties agree that the following Certificate of Consent template or equivalent will be utilized as necessary to implement the foregoing requirement for written agreements to be bound by this Protective Order.

<u>CERTIFICATE OF CONSENT TO BE
BOUND BY PROTECTIVE ORDER</u>

As an individual who has been designated, retained or specifically employed by counsel for _____ to aid such counsel in preparation for trial in the above-styled proceeding, the undersigned hereby agrees to be bound by the Protective Order in the present action, a copy of which has been provided to me. I state that I have read the Protective Order dated and understand and agree to the terms and conditions thereof. I further certify that I am neither an employee of any of the Parties in this action, an employee of any affiliate of any of the Parties, a family member of any of the Parties to this matter or their employee, an employee of a direct competitor of any Party not represented by the attorney or firm who retained me, nor am I aware that I have any conflict of interest.

Date:_____ By:_____

Subscribed and sworn to before me this_____day of_____,
_____.

Notary Public:_____
Residing in:_____
My commission expires:_____

(c) Unless otherwise ordered by this Court or agreed to by the Parties, all documents containing CONFIDENTIAL and/or ATTORNEYS EYES ONLY designations filed with this Court or any other court or agency shall be filed, pursuant to Local Rule 5.3 in a sealed envelope with an accompanying motion in the form prescribed by Local Rule 5.3 (or appropriately sealed via ecf filing system).

In the event any CONFIDENTIAL and/or ATTORNEYS EYES ONLY material or information produced under this Order is used in any court or administrative proceeding, it shall not lose its status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

(d) If either Party believes that the other Party has inappropriately designated or is inappropriately designating documents or information as CONFIDENTIAL or ATTORNEYS EYES ONLY, or otherwise wishes to be relieved of obligations under this Stipulation, the Party shall inform the other Party and they shall confer in good faith to resolve any such matters. If the dispute cannot be resolved after conferring in good faith to resolve the matter, either Party may petition the Court for relief.

(e) The Parties acknowledge that the mere fact that documents or information are designated as CONFIDENTIAL or ATTORNEYS EYES ONLY by the Disclosing Party creates no presumption that: (1) the documents or information so designated have been rightfully designated as such; or (2) that the producing Party has any proprietary or protectable interest in said documents or information; or (3) the Disclosing Party is rightfully in possession of or rightfully received said documents or information.

(f) The Parties hereto agree that an injunction shall issue to prevent violations of this Protective Order. The agreement to injunctive relief does not preclude any Party from

also obtaining damages that reasonably flow from a breach of the Order.

(g) This Stipulated Protective Order shall become effective upon execution by counsel for both Parties and shall remain binding on the Parties hereto pending approval and entry by the Court.

(h) The inadvertent or unintentional disclosure of the Party producing information designated as CONFIDENTIAL or ATTORNEYS EYES ONLY, regardless of whether the information was so designated at the time of disclosure, shall not be deemed to constitute in whole or in part a waiver of, or estoppel as to, the Party's right to claim in this action and thereafter that said information is confidential. If a claim of inadvertent production is made, pursuant to this paragraph, with respect to information then in the custody of another Party, such Party shall promptly return to the claiming Party or person that material as to which the claim of inadvertent production has been made.

(i) The Parties shall take all reasonable precautions to prevent the disclosure of any information designated as CONFIDENTIAL or ATTORNEYS EYES ONLY received by them to any persons who are prohibited under this Protective Order from receiving information designated as CONFIDENTIAL or ATTORNEYS EYES ONLY.

(j) Within thirty (30) days of the termination of litigation between the Parties, all Confidential Information, and all copies thereof shall be returned to the Party who produced it upon such Party's request and at his or her cost, with certification from counsel that all copies have been so returned. The parties may alternatively agree that the Confidential Information can be shredded by the opposing party. Counsel for each Party shall be entitled to retain all pleading, motion papers, legal memoranda, correspondence, and work product, but to the extent such retained documents contain

Confidential Information Counsel shall maintain the confidentiality of such information.

(k) Except as specifically provided herein, the terms, conditions, and limitations of the Stipulation shall survive the termination of this action.

DATED: 02/11/21

By: */s/ Dylan A. Eaton*
Dylan A. Eaton
Andrew Alder
PARSONS BEHLE AND LATIMER

DATED: 02/11/21

By: */s/ Craig H. Durham*
Craig H. Durham
FERGUSON DURHAM, PLLC

DATED: 02/11/21

By: */s/ Robert A. Berry*
Robert A. Berry
OFFICE OF THE ATTORNEY GENERAL

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of February, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Robert A. Berry<br>Office of the Attorney General<br>robert.berry@ag.idaho.gov<br>*(Counsel for Defendants Rona Siegert and Warden Alberto Ramirez)* | Craig H. Durham<br>FERGUSON DURHAM, PLLC<br>chd@fergusondurham.com<br>*(Counsel for Plaintiff)* |

By: */s/ Dylan A. Eaton*
    Dylan A. Eaton
    Andrew R. Alder