Craig H. Durham
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
T: (208) 724-2617
F: (208) 906-8663
chd@fergusondurham.com

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ANGELO BARCELLA,<br><br>            Plaintiff,<br><br>    v.<br><br>CORIZON MEDICAL; DR. REBEKAH HAGGARD; GEN BREWER, D.O.N.; SELAH WORLEY, N.P.; SUMMER ELDREDGE, NP; WILLIAM ROGERS, NP; DENISE BAHADER, NP; ANTHONY BUSHNELL, P.A.; JOSE SELADON, NP; DR. S. STACY, Utilization Management Team; Dr. VIVIEN DORSEY Utilization Management Team; DR. KEITH PAPENDICK, Utilization Management Team; RONA SIEGERT, CCHP-RN; and WARDEN ALBERTO RAMIREZ;<br><br>            Defendants. | Case No. 1:20-CV-427-BLW<br><br>**FIRST AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

1

## I.  PRELIMINARY STATEMENT

1.      This is a civil rights case brought under 42 U.S.C. § 1983 arising out of

Defendants' deliberate indifference to Plaintiff's serious medical condition,

including serious pain, injury and suffering, imminent pain, injury and suffering

and resultant chronic kidney disease and mental anguish.

2.      Deliberate indifference constitutes permanent injury.

3.      This has left Plaintiff with serious and progressively worsening spinal

degeneration,  foramina1 narrowing, and serious  back and sciatic pain , which

probably leave Plaintiff with serious pain and debility for the· rest of his life.

4.      Defendants' actions wrongly prescribing nephro/hepatoxic NSAID drugs for

decades, particularly Indocyn, intended for short-term use only, has resulted in

Plaintiff being diagnosed with chronic kidney disease.

5.      As a result of his serious, often excruciating, debilitating pain and development

of chronic kidney disease Plaintiff suffers mental anguish from worry, stress,

anxiety, feelings of hopelessness and insomnia.

6.      Defendants have failed to provide effective care for Plaintiff's serious medical

needs and failed to meet standards of care in the community.

## II. JURISDICTION AND VENUE

7.      This Court has jurisdiction and venue over the subject matter of this complaint

under 42 U.S.C. 1983; 28 U.S.C. 1331 and 1343(a)(3); 28 U.S.C. 2201 and 2202; 28

U.S.C. 2283 and 2284 and Rule 63 of the Federal Rules of Civil Procedure.

### III. PARTIES

8.    Plaintiff, Gerald Angelo Barcella, is an individual residing at Idaho State

Correctional Institution (ISCI) since 2017 and in the custody of the Idaho

Department of Corrections (IDOC) since 1998.

9.    Defendant Corizon Medical, is a private, for-profit, entity doing business in Ada

County, Idaho who, upon information 'and belief, is headquartered in Memphis,

Tennessee, and is contracted to provide medical care to IDOC inmates. Corizon

is sued in its individual and official capacities. Defendant has acted under color

of State law.

10.   Dr. Rebekah Haggard is an individual who, upon information and belief is

Regional Medical Director for Corizon and resides in Ada County, Idaho, is sued

in her individual and official capacities. Defendant acted under color of State

law.

11.   Defendant Gen Brewer, Director of Nursing (D.O.N.) for Corizon, is a

individual who, upon information and belief, resides in Ada County, Idaho.

Defendant is sued in her individual and official capacities. Defendant acted

under color of State law.

3

12.     Defendant Selah Worley, Nurse Practitioner (N.P.) is an individual who, upon

information and belief, resides in Ada County, Idaho, is sued in her individual

and official capacities. Defendant acted under color of State law.

13.     Dr. S. Stacy is employed by Corizon Medical and, upon information and belief, is

a member of the Utilization Management Team and has decision-making

authority over requests for offsite specialist visits and other care by front-line

providers. Stacy is sued in his or her individual and official capacity. Defendant

has acted under color of State law.

14.     Dr. Vivien Dorsey is employed by Corizon Medical and, upon information and

belief, is a member of the Utilization Management Team and has decision-

making authority over requests for offsite specialist visits and other care by

front-line providers. Dr. Dorsey is sued in her individual and official capacity.

Defendant has acted under color of State law.

15.     Dr. Keith Papendick is employed by Corizon Medical and, upon information and

belief, is a member of the Utilization Management Team and has decision-

making authority over requests for offsite specialist visits and other care by

front-line providers. Dr. Papendick is sued in his individual and official capacity.

Defendant has acted under color of State law.

16.     Defendant Summer Eldredge (N.P.) an individual who, upon information and

4

belief, resides in Ada County, Idaho, is sued in her individual and official capacities. Defendant acted under color of State law.

17. Defendant William Rogers an individual who, upon information and belief, resides in Ada County, Idaho, and is sued in his individual and official capacities. Defendant acted under color of State law.

18. Defendant Anthony Bushnell an individual who, upon information and belief, resides in Ada County, Idaho, is sued in his individual and official capacities. Defendant acted under color of State Law.

19. Defendant Denise Bahader (N.P.) an individual who, upon information and belief, resides in Ada County, Idaho, is sued in her individual and official capacities. Defendant acted under color of State law.

20. Defendant Nurse Jose Seladon (N.P.) is an individual who, upon information and belief, resides in Ada County, Idaho, is sued in his individual and official capacities. Defendant acted under color of State law.

21. Defendant Rona Siegert, CCHP-RN, is an individual who, upon information and belief, is medical contract monitor for IDOC and resides in Ada County, Idaho, is sued in her individual and official capacities. Defendant acted under color of State law.

22. Warden Alberto Ramirez, Warden at ISCI, is an individual who, upon

information and belief resides in Ada County, Idaho, is sued in his official

capacity for injunctive relief. Defendant acted under color of State law.

## IV.  EXHAUSTION OF STATE REMEDIES

23.   Plaintiff twice exhausted administrative remedies available to him and

attempted to file a third grievance which was returned without action (RWA).

See Exhibits I., II., III.

## V.  FACTS

24.   Plaintiff suffers from a serious medical condition-- "mult-level degenerative

changes of the lumbar spine with multi-level canal and foraminal

narrowing." MRI IMPRESSION,  St. Luke's 08/31/17 St.  Luke's Imaging Center.

25.   Comparisons of Plaintiff's 06/15/17 and 05/24/19 X-ray Impressions show

Plaintiff's condition progressing from "significant" to "severe."

26.   Plaintiff suffers 3-5/10 chronic pain and level 7-8/10 acute pain from scoliotic

curvature of the spine and multi-level degenerative disc changes.

27.   Plaintiff  suffers  constant level  3-5/10 sciatic  pain  and level  7-9/10 acute sciatic

pain.

DECLARATION OF GERALD BARCELLA *CV* 81-1165-S-BLW.

28.   Plaintiff was first diagnosed with "chronic sciatica by Corizon in 2006.

29.   Plaintiff cannot attend church, sweatlodge, Alcoholics Anonymous meetings,

programs, school, or social functions without excruciating pain from sitting.

30.    Plaintiff can only wash his lower extremities with difficulty and pain. Plaintiff cannot sit, stand, walk, recline or lay on his back for more than 10 minutes without serious pain.

31.    Plaintiff has to try to hide his pain and injury due to the prison environment.

32.    Plaintiff can only sometimes find relief by laying on his stomach for hours. He's filed about 100 HSRs and Concerns requesting effective care.

33.    Plaintiff was diagnosed with chronic kidney disease due to Corizon's overprescription of NSAID drugs since 1998.

34.    Plaintiff has gone from a robust athlete in 2016 to a sedentary pain-ridden individual.

35.    Plaintiff's pain has since 2019 spread from his lower right leg to his whole right and left sides, glutes to toes, entire pelvic area and right testicle.

36.    On 02/19/19 Plaintiff filed Grievance 190000153. EXHIBIT I.

37.    Defendants, since 2017, have engaged Plaintiff in multiple cycles of "circular care," sending him to different providers, requiring him to "start over from the beginning" with treatment.

38.    Plaintiff was required to participate in several six week-long periods of physical

therapy (PT) to learn Corizon's Home Exercise Program (HEP) which often
increased Plaintiff's pain and injury.

39.  On 06/19/19 Plaintiff fell headlong into another inmate in the Pendyne hall
serving line nearly resulting in a fight.

40.  08/21/19 OPC NOTES: Rogers, William N.P. for HSR 1285664 state: "PT reports
pain is interfering with ADLs causing pain at work. States he cannot sit long
enough to sit through church or sweatlodge w/o pain."

41.  "Reports sciatic pain has spread through R glute. Throbs and cramps through
hip. Outside leg feels like leg broken--see handwritten scanned document PT
provided today documenting reports of sx (symptoms] and worsening nature
impacting ADLs. Continue conservative treatment."

42.  "CONSULTATION REQUEST: Offsite-clinic Service Priority: routine. NOTES:
consult placed to neurosurg.--will appeal it if ATP d/t severity of sx (symptoms)
and worsening nature impacting ADLs. Continue conservative treatment."

43.  08/31/19 Corizon physical therapist Lindsay Partridge-Gremmo documented in
Plaintiff's medical record that Plaintiff had exhausted any benefit from physical
therapy, writing, "there is little more I can do for him at this time."

44.  On 10/21/19 Plaintiff was transported to St. Luke's hospital where he was seen in
clinic by neurosurgeon William Bradley.

45.   Dr. Bradley went over Plaintiff's 2017 MRI, in depth, with Plaintiff. Dr. Bradley told Plaintiff that Plaintiff's sciatic pain was probably caused by foraminal narrowing at the L4-LS and LS-Sl levels of the lumbar spine.

46.   Dr. Bradley told Plaintiff that he was sure Plaintiff's condition had significantly worsened since his 2017 MRI and that Plaintiff would probably be in pain for the rest of his life due to Corizon's inaction since that time.

47.   Neurosurgeon Bradley explained the causes and treatments for foraminal narrowing and explained the dangers of back surgeries.

48.   Dr. Bradley said he wanted to first try epidural steroid injections (ESIs) in lieu of surgery, and he ordered a follow-up in clinic two to three weeks after the injections were administered to see if they worked.

49.   Before Plaintiff left Dr. Bradley said, "we'll get you feeling better."

50.   It is noted that Dr. Bradley was very unfamiliar with the IDOC and ISCI, asking correctional officers present, "is there even a nurse there who can change bandages?" Dr. Bradley stated that he'd "only operated on one other inmate."

51.   Around 11/11/19 Corizon Utilization Management Team (UMT) approved the epidural steroid injections (ESIs) but immediately denied Dr. Bradley's ordered follow-up in clinic two to three weeks after injections in favor of an onsite follow-up at ISCI with one of their own on-specialist nurse practitioners.

52.   Upon information and belief Corizon routinely denies Offsite Surgical consult (OSS) referrals a majority of the time to save money through denial of care

53.   Upon information and belief that Corizon's belief that the impending *Balla* Termination hearings would lift oversight of their actions that Corizon began denying many OSS ordered follow-ups that would result in more permanent, but costlier, procedures for patients.

54.   Corizon denied an OSS ordered follow-up, by an orthopedic surgeon for Plaintiff in 2018-19 in an unrelated matter showing a common theme.

55.   In November 2019 Plaintiff went to sick call complaining of unbearable pain and new symptoms, but had to leave before being seen due to it being too painful to stay seated on hardwood benches for over an hour.

56.   In January 2020 Plaintiff went to sick call again complaining of new and worsening pain and symptoms. Once again Plaintiff had to leave without being seen, due to excruciating pain, after being forced to remain seated on hard steel benches for over an hour.

57.   On 02/21/20 Plaintiff received two epidural steroid injections (ESIs) to the lower lumber regions of his spine at St. Luke's Imaging Center. The injections failed to bring any relief.

58.   The surgeon administering the ESIs told Plaintiff that ESIs were only successful

in less than 30% of patients who received them.

59. At 03/03/20 OPC at ISCI Plaintiff related lack of relief from the ESIs and worsening pain and new symptoms. The provider put in another OSS referral for Plaintiff.

60. Corizon Utilization Management Team (UMT) member Dr. S. Stacy denied this follow-up OSS referral just as members of the UMT have with at least six other Corizon provider OSS referrals for Plaintiff.

61. At 03/03/20 OPC with N.P. Bahader Plaintiff begged her to appeal UMT's recent denial of this OSS referral due to new symptoms and severe pain. Bahader refused and told Plaintiff he had to "start his treatment over from the beginning."

62. At 03/31/20 OPC with N.P. Rogers Plaintiff once again complained of new and worsening pain and symptoms telling Rogers that his pain had now spread to his entire pelvis, right testicle, and was now prevalent, instead of sporadic, in his left side and had spread to his entire left side-from lower back to toes and was now going down the fronts of both legs--no longer confined to the sides of the legs.

63. N.P. Rogers told Plaintiff that until he began to uncontrollably defecate upon himself that UMT probably wouldn't approve a new OSS referral.

64. On 04/08/20 Plaintiff filed Grievance 200000277 EXHIBIT II, in which he feared becoming crippled, was suffering, that all previous treatments had failed and

that he wanted effective treatment. See also DEFENDANT SIEGERT.

65.   On 05/02/20 Plaintiff could not raise himself, unaided, from a squatting position. Plaintiff began having worsening back stiffness, pain and having more and more problems bending over and straightening himself up after bending over.

66.   On 05/08/20 Plaintiff's grievance was effectually denied saying he would be put in for another OSS referral after current Covid-19 restrictions were lifted.

67.   That OSS referral was denied by the UMT.

68.   On 05/08/20 Plaintiff was again seen by Defendant Selah Worley, N .P., at OPC at which time he requested he be put in for another OSS referral. See DEFENDANT SELAH WORLEY, N.P., and DEFENDANT MEMBERS OF THE UMT.

69.   That request was denied by UMT member Dr. S. Stacy on 05/12/20.

70.   On 05/21/20 Plaintiff was again seen in OPC by Defendant Worley at which time he was told that UMT had denied his OSS request. See again DEFENDANT SELAH WORLEY, N.P., and DEFENDANT DR. S. STACY.

71.   On 05/22/20 and again on 06/03/20 Plaintiff sent Worley two Concern Forms asking her to appeal the UMT's denial of this OSS referral based on faulty information and reasoning. See DEFENDANT WORLEY.

72.   On 06/04/20 Plaintiff nearly fell in the Pendyne chow hall while attempting to stand after finishing his meal. Plaintiff can barely make it to chow and back some

nights.

73. On 06/04/20 Plaintiff filed Grievance 200000525 which was for the issue already having been grieved. EXHIBIT III.

74. Since on, or about, 06/23/20 inmates at ISCI have been restricted to their housing units due to quarantining and preventative measures due to Covid-19.

75. Since that time Plaintiff has only had either one hour per day out of tier and days with no time outside of his tier.

76. On, or about, 07/27/20 Plaintiff has began wiping with bleach and lightly cleaning his tier's tiny dayroom and bathroom for about an hour each day.

77. Despite another period of "activity modification" Plaintiff has found no relief from his pain and debility.

78. As a matter of fact, Plaintiff never worked in the IDOC between 1998 and mid-2017 and was in pain from his injury since, at least, 2006.

79. Plaintiff's pain worsens during any periods of total inactivity.

80. Plaintiff, at times, developed difficulty urinating due to pain from standing, and in the month or so before he filed his Complaint, began periodically experiencing horribly brutal bolts of sciatic pain radiating down the fronts of both legs while defecating.

81. Plaintiff seldom gets the previous relief he did from laying on his stomach for

hours as he used to.

82.     Due to pain while attempting to perform UMT ordered Home Exercise Program (HEP) it offers little relief when Plaintiff can even do it.

83.     Plaintiff had to quit three jobs due to his injury; one in 2019, two in 2020, and couldn't return to work as a cabinet maker due to his pain and injury.

84.     Plaintiff began a job with no physical demands in late September but was only able to work for four days due to Covid-19 restrictions once again being imposed.

85.     On 10/01/20, the Court ordered Defendants to schedule either a video or an in-person appointment with Dr. Bradley or a similar neurologist or to explain why they haven't done so.

86.     After this Court appointed counsel in an order dated 12/31/20 and ordered certain actions by Defendants (Dkt. 47), Plaintiff was scheduled for surgery with Dr. Bradley.

87.     Dr. Bradley told Plaintiff that his vertebrae were "shot" and that he could not replace his discs with artificial discs.

88.     Dr. Bradley informed Plaintiff that the surgery that he recommended might help with the sciatic pain but would not decrease lower back pain.

89.     Plaintiff had a foraminotomy and a laminotomy on 2/8/21.

90.    Plaintiff experienced significant pain post-surgery and was taken to the

emergency room twice.

91.    Plaintiff's pain and suffering has not improved since the surgery.

92.    Dr. Bradley referred Plaintiff to a pain specialist who could use a range of

treatment options, including implanted electrodes. Corizon overruled that

referral and sent Plaintiff to a different pain specialist who does not have that

capability. He prescribed Lyrica. That has not decreased the pain.

93.    So far, Plaintiff's pain has been similar or worse since the surgery in February.

**CORIZON MEDICAL, INC.**

94.    Defendant violated Plaintiff's rights as stated in paragraphs 1 through 6 and as

incorporated in all prior paragraphs containing actions of deliberate indifference

to Plaintiff's serious medical needs.

95.    Upon information and belief, Corizon promotes the use of NSAID drugs for

unethically long periods of time to deny more expensive care and increase profits

and caused Plaintiff's kidney disease.

96.    Upon information and belief, Corizon unethically delayed and denied effective

treatment for Plaintiff and other patients, not meeting the community standards

of care, by not allowing Plaintiff to be effectively treated for more than one issue

at a time, often for years. Including on or about 03/12/18; 11/18/18; and 12/04/18.

97.   Corizon instead employed a policy, custom, or practice of requiring Plaintiff to undergo multiple rounds of "circular care," meaning continuing the same treatments over and over again even though they did not work.

### DR. REBEKAH HOWARD

98.   Dr. Haggard violated Plaintiff's rights as stated in paragraphs 1 through 6 and, as Plaintiff's primary care provider and Corizon Regional Medical Director, is responsible for all actions, or lack of actions, by herself, Corizon providers, administrators, actors, agents and contractors that violated Plaintiff's rights as set forth in all aforementioned and forthcoming paragraphs.

99.   Dr. Haggard has had multiple interactions with Plaintiff over the last few years through HSRs, Concern Forms, conversations and conversations with providers concerning Plaintiff's condition.

100.   Dr. Haggard has been responsible for denying Plaintiff effective pain relief and prescribing and overseeing prescription of NSAID drugs to Plaintiff despite Grievances that the NSAIDs were killing Plaintiff's kidneys.

101.   Plaintiff was forced, for years, to rely on toxic NSAID drugs despite their negative effects upon his kidneys or receive no pain relief at all.

102.   On 03/12/20 Plaintiff sent a Concern Form to Dr. Haggard requesting she appeal, or override, UMT's denial of Plaintiff's recent OSS denial.  Dr. Haggard refused

16

to do either.

103.    Upon information and belief Defendant Haggard testified at the recent *Balla*

Termination hearings that she had the power to override UMT denials of care.

### GEN BREWER, D.O.N.

104.    As Director of Nursing for Corizon Defendant Brewer violated Plaintiff's rights

as stated in paragraphs 1 through 6 and as described in all aforementioned, and

forthcoming paragraphs through her actions or inactions.

105.    Upon information and belief one of Defendant's duties as D.O.N. is answering

inmate Grievances in a manner to discourage pursuit of medical treatments

Corizon does not wish to pay for.

106.    Upon information and belief, as first responder to grievances, Defendant

virtually denies every grievance request for more adequate treatment that comes

before her.

### SELAH WORLEY, N.P.

107.    As a Nurse Practitioner for Corizon, Defendant violated Plaintiff's rights as

stated in paragraphs 1 through 6 and through any actions related to her that

violated plaintiff's rights in all foregoing and forthcoming paragraphs.

108.    At 02/04/20 OPC Defendant told Plaintiff that his prescription for Indocyn would

not be rewritten because "someone had concerns" about its use by Plaintiff.

17

Upon information and belief this is because of it causing Plaintiff's chronic kidney disease.

109.   Defendant then prescribed, also nephro/hepatoxic Ibuprofen to Plaintiff.

110.   At 05/08/20 OPC Plaintiff described new pain and new acute symptoms causing more compromising of activities of daily living.

111.   Plaintiff told Worley that his sciatic pain had progressed from predominantly in his right side to both sides of his body and had encompassed his entire pelvic area and right testicle.

112.   Worley responded, "sciatica will do that," but made no reference to this in Plaintiff's medical record.

113.   Plaintiff further told Worley that he was suffering leg weakness and that by the afternoon he was having trouble bending over and straightening back up and that he was only able to work two and one half to three hours per day even though his job was not physically demanding.

114.   Worley said she'd put Plaintiff in for another OSS referral, but she doubted it would be approved "because you can do all that."

115.   Defendant kept insisting Plaintiff take medications that had no, zero, positive effects on Plaintiff's pain and symptoms and caused negative physiological and psychological effects to Plaintiff.

116.    Worley prescribed Ibuprofen to Plaintiff even though he said it did not help his
        pain.

117.    At 05/21/20 OPC Worley informed Plaintiff that UMT had denied his OSS referral
        of alternative (conservative) treatment due to "no new neural deficits or new
        acute symptoms."

118.    Defendant  once again tried to get Plaintiff to engage in another useless cycle of
        circular car suggesting every drug that was tried and didn't work, and another
        cycle of useless and harmful physical therapy that would be denied anyway as
        not being able to help Plaintiff.

119.    Worley further tried to get Plaintiff to take doses of Gabapentin during the
        daytime from which Plaintiff got no relief and caused negative effects.

120.    Plaintiff further told Defendant that he was having problems withstanding the
        UMT ordered Home Exercise Program (HEP) due to pain and was having issues
        with stiffness, bending over and straightening back up and standing from a
        squatting position.

121.    Plaintiff informed Worley that he would soon have to quit his job due to pain
        and inability to perform his duties.

122.    Worley told Plaintiff until he could no longer walk, work or do UMT ordered
        HEP that UMT would not offer further treatment.

123. Plaintiff asked Defendant if he was supposed to lay on his stomach 24 hours a day for the rest of his life to obtain relief.

124. Worley became angered and told Plaintiff, "you can leave now."

125. On 05/22/20 and again on 06/03/20 Plaintiff sent Worley Concern Forms asking her to appeal UMT denial of OSS referral due to the inaccuracy of information that they based their decision on including information withheld by Worley from Plaintiff's medical record including new pain and new acute symptoms, including pain spreading to Plaintiff's pelvis, testicle and left side.

126. One of Defendant Worley's functions as a Corizon provider is to serve in the role of "gatekeeper" to all, but the most basic care, for patients. Without accurate recording of new and worsening symptoms this role is seriously compromised or denied.

127. Defendant had both direct, and indirect, in participation of in denial of effective treatment of Plaintiff's serious medical needs.

**SUMMER ELDREDGE**

128. Summer Eldredge is a nurse practitioner who is employed by Corizon, Inc.

129. Nurse Eldredge is responsible for Plaintiff's treatment and care, particularly related chronic kidney disease.

130. Nurse Eldredge has continued to prescribe non-steroidal anti-inflammatory

drugs to Plaintiff in large quantities despite her knowledge that they pose a substantial risk to Plaintiff's kidney health.

131.   Nurse Eldredge has admitted to Plaintiff that the reason he has chronic kidney disease is because of the quantity of NSAIDs that Corizon providers have prescribed for him.

132.   Nurse Eldredge has been deliberately indifferent to Plaintiff's serious medical needs.

133.   Nurse Eldredge is sued in her individual and official capacity. She has acted under color of state law.

**WILLIAM ROGERS**

134.   William Rogers is a nurse practitioner who is employed by Corizon, Inc.

135.   NP Rogers is responsible for Plaintiff's treatment and care, including pain management.

136.   NP Rogers has continued to prescribe non-steroidal anti-inflammatory drugs to Plaintiff in large quantities despite his knowledge that they pose a substantial risk to Plaintiff's kidney health.

137.   NP Rogers been deliberately indifferent to Plaintiff's serious medical needs.

138.   NP Rogers is sued in his individual and official capacity. He has acted under color of state law.

21

## ANTHONY BUSHNELL

139.   Anthony Bushnell is a physician's assistant employed by Corizon, Inc.

140.   PA Bushnell is responsible for Plaintiff's treatment and care.

141.   Plaintiff was seen by PA Bushnell in clinic in February of 2021. Plaintiff told him

      that he had trouble urinating. PA Bushnell responded, "you have chronic kidney

      disease from us prescribing you NSAIDs for, uh, a few years."

142.   Yet PA Bushnell has contributed to what he admitted was a substandard quality

      of care.

143.   PA Bushnell been deliberately indifferent to Plaintiff's serious medical needs.

144.   PA Bushnell is sued in his individual and official capacity. He has acted under

      color of state law.

## DENISE BAHADER

145.   Denise Bahader is a nurse practitioner who is employed by Corizon, Inc.

146.   Nurse Bahader is responsible for Plaintiff's treatment and care.

147.   In March of 2020, Plaintiff begged Nurse Bahader to appeal the denial of request

      for an offsite visit to a neurological specialist for his back pain. He was in

      excruciating pain and explained this to her. Nurse Bahader refused and told him

      he would need to start his treatment all over again.

148.   Nurse Bahader has been deliberately indifferent to Plaintiff's serious medical

needs.

149.   Nurse Bahader is sued in her individual and official capacity. She has acted

under color of state law.

### JOSE SELADON

150.   Jose Seladon is a nurse practitioner who is employed by Corizon, Inc.

151.   Nurse Seladon is responsible for Plaintiff's treatment and care.

152.   On or about May or June of 2019, Plaintiff saw Nurse Seladon in clinic. He

requested that Seladon appeal UMT denials of his care. Both times Seladon told

him he simply needed to start all over again with the treatment that was not

working.

153.   Nurse Seladon has been deliberately indifferent to Plaintiff's serious medical

needs.

154.   Nurse Seladon is sued in his individual and official capacity. He has acted under

color of state law.

### MEMBERS OF CORIZON'S UTILIZATION MANAGEMENT TEAM

### (IDENTIFIED BELOW)

155.   Utilization Management Team members are Corizon employees who have

decision-making authority over referrals and treatment requests from front line

providers.

156.   UMT members violated Plaintiff's rights as alleged in paragraphs 1 through 6 and all actions and allegations attributed to them in all aforementioned and forthcoming paragraphs.

157.   Between 2017 and 2019, UMT members denied provider proffered Offsite Surgical (OSS) referrals for Plaintiff on numerous occasions, including one that was already approved.

158.   These denials show "circular care," a policy, custom, or practice of continuing to deny needed treatment and care and routing Plaintiff back to treatment and care that has already shown to be ineffective.

159.   These denials fell below the standard of care and were deliberately indifferent to Plaintiff's serious medical needs.

## DR. S. STACY

160.   On information and belief, Dr. S. Stacy is employed by Corizon Medical and is a member of the Utilization Management Team.

161.   Dr. Stacy has decision-making authority over requests for offsite specialist visits and other care.

162.   Dr. Stacy denied offsite referrals on several occasions for Plaintiff in which providers requested approval for a specialist to evaluate Plaintiff's sciatica and degenerative back condition, instead requiring a continuation of ineffective

treatments. The dates of denials included at least March 13, 2018, April 20, 2018, August 3, 2018, March 4, 2020, and May 12, 2020.

163.   These decisions were deliberately indifferent to Plaintiff's serious medical needs, in violation of Plaintiff's rights under the Eighth Amendment.

164.   Dr. Stacy is sued in his individual and official capacity. He has acted under color of State law.

### DR. VIVIEN DORSEY

165.   On information and belief, Dr. Dorsey is employed by Corizon Medical and is a member of the Utilization Management Team.

166.   Dr. Dorsey has decision-making authority over requests for offsite specialist visits and other care.

167.   Dr. Dorsey denied offsite referrals on several occasions for Plaintiff in which providers requested approval for a specialist to evaluate Plaintiff's sciatica and degenerative back condition, instead requiring a continuation of ineffective treatments. The dates of denials included at least November 6, 2017, August 2, 2018, June 5, 2019, September 26, 2019, and November 6, 2019.

168.   These decisions were deliberately indifferent to Plaintiff's serious medical needs, in violation of Defendant's rights under the Eighth Amendment.

169.   Dr. Dorsey is sued in her individual and official capacity. She has acted under

color of State law.

## DR. KEITH PAPENDICK

170.    On information and belief, Dr. Keith Papendick is employed by Corizon Medical

and is the director of the Utilization Management Team.

171.    Dr. Papendick has decision-making authority over requests for offsite specialist

visits and other care.

172.    Dr. Papendick denied offsite referrals for Plaintiff in which providers requested

approval for an offsite specialist evaluation of Plaintiff's sciatica and

degenerative back condition, instead requiring a continuation of ineffective

treatments. The dates of denials include at least July 28, 2017, June 9, 2019,

August 29, 2019.

173.    These decisions were deliberately indifferent to Plaintiff's serious medical needs,

in violation of Defendants rights under the Eighth Amendment.

174.    Dr. Papendick is sued in his individual and official capacity. He has acted under

color of State law.

## RONA SIEGERT

175.    Defendant is an individual who, upon information and belief, is the IDOC health

contract monitor, and who, upon information and belief, resides in Ada County,

Idaho and oversees Corizon's actions or inactions involving inmate health care.

176.    Defendant violated Plaintiff's rights as stated in paragraphs 1 through 6 for all reasons listed in aforementioned and forthcoming paragraphs that are attributed to her job performance, directly or indirectly.

177.    Defendant was level III. Responder to both of Plaintiff's Grievances. EXHIBITS I. and II.

178.    Upon information and belief Defendant has failed to hold Corizon accountable to their contract mandates.

179.    In responding to Plaintiff's Appeal on Grievance 190000153 Defendant delayed and denied ESI injections by telling Plaintiff to get an injection by Corizon staff and told Plaintiff to do physical therapy, which he'd already done, and did do again. That injection, at ISCI, brought relief for two weeks and delayed ESIs for months.

180.    In Plaintiff's 04/08/20 Grievance 200000277 stated he had exhausted all available site-specific treatments at ISCI and Corizon denied his follow-up to his OSS appointment and/ or new OSS referrals to obtain effective treatment unavailable at ISCI.

181.    Level I and Level II Responders to Plaintiff's Grievance 200000277 both told Plaintiff to put in new HSRs (more circular treatment).

27

182.   In his Grievance Appeal Plaintiff stated that, (1) he had exhausted all treatment options at ISCI and, (2) he had developed chronic kidney disease as a result of Corizon's ineffective and wrongful treatments and, (3) that N.P. Rogers told Plaintiff at OPC that UMT would not approve an OSS referral until Plaintif lost bowel control and, (4) that Plaintiff wanted the denied OSS follow-up in clinic ordered by Neurosurgeon Bradley and, (5) that Plaintiff was scared he would become crippled due to UMTs deliberate indifference.

183.   Defendant replied that Plaintiff would be put in for another OSS as soon as the current Covid-19 restrictions in the community were lifted.

184.   Defendant Siegert never requested or ordered the relief Plaintiff requested.

185.   The OSS referral was put in by Corizon Providers and was denied around 05/11/20.

186.   Plaintiff is in the same position that he was before filing both Grievances and was in in 2017 when before he had his MRI done.

187.   Upon information and belief Defendant Siegert cosigns virtually all Corizon Grievance denials.

188.   Upon information and belief Defendant cosigns virtually all Corizon Grievance denials as part of a concerted effort between IDOC and Corizon to reduce

28

contract costs to IDOC.

189.   Upon information and belief Corizon denies virtually all inmate grievances

requesting anything but minimal care.

## DEFENDANT WARDEN ALBERTO RAMIREZ

190.   As warden at ISCI Mr. Ramirez is responsible for the care and housing of

inmates under his authority. Because Warden Ramirez has control over Plaintiff's

physical body he has authority to order or deny transport of Plaintiff to and from

offsite medical providers. Having such control he is named in his official capacity

for injunctive relief.

## CLAIMS

191.   Plaintiff realleges, and incorporates, by reference, all claims in Paragraphs 1

through 191.

192.   Defendants' deliberate indifference to his serious medical condition, including

serious pain, injury and suffering, imminent serious pain, injury and suffering

and resultant chronic kidney injury and disease and mental anguish while in the

custody of the Idaho Department of Corrections (IDOC) and Plaintiff's rights to

be free from cruel and unusual punishment under the Eighth Amendment to the

United States Constitution and laws of the United States were violated.

29

Defendants all acted under color of State law.

193.    Deliberate indifference constitutes permanent injury.

194.    This is a civil action authorized by 42 U.S.C. Section 1983 to redress the

deprivation, under color of State law, of rights secured by the Constitution, and

laws of the United States. This Court has jurisdiction over 28 U.S.C Section 1331

and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section

2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C.

2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

195.    The Plaintiff has no plain, adequate or complete remedy at: law to redress the

wrongs described herein. Plaintiff has been and will continue to be irreparably

injured by the conduct of the defendants unless this Court grants the declarative

and injunctive relief which the Plaintiff seeks. Pursuant to Federal Rules of Civil

Procedure 38 Plaintiff demands a jury trial on all issues so triable.

## VII. PRAYER FOR RELIEF

196.    WHEREFORE, Plaintiff respectfully prays this Court enter judgment granting

Plaintiff:

197.    A Declaration that the acts and omissions described herein violated Plaintiff's

rights under the Constitution and laws of the United States.

198.    A Preliminary and Permanent Injunction ordering Defendants Corizon Medical;

the Members of Corizon's Utilization Management Team (UMT), including Dr. S.

Stacy, Dr. Vivien Dorsey, and Dr. Keith Papendick; Dr. Rebekah Haggard,

Corizon Regional Medical Director; Gen Brewer, Director of Nursing (D.O.N. for

Corizon); Selah Worley, Nurse Practitioner (N.P.), for Corizon; Summer

Eldredge; William Rogers; Denise Bahader; Jose Seladon; Rona Siegert, CCHP-

RN for IDOC; and Warden Alberto Ramirez, ISCI; requiring defendants to

provide Plaintiff effective treatment for his serious injury, pain and suffering,

beyond what has already been tried, including neurosurgery and/or orthopedic

surgery, and sending Plaintiff to receive an MRI, and any other necessary

imaging to properly assess Plaintiff's current injury.

199.    Preliminary and Permanent Injunctions ordering Defendants to send Plaintiff to

a nephrologist for assessment and treatment of his chronic kidney disease.

200.    Compensatory damages against each defendant in the amount to be determined

at trial, both jointly and severally, against each defendant, for serious often

excruciating pain, suffering unnecessary physical injury and debility, imminent

pain and injury, suffering, chronic kidney disease, and mental anguish.

201.     A Temporary Restraining Order restraining Defendants, and any of their agents,

actors, actors or associates, form retaliating against Plaintiff in all areas of his life

his life including, but not limited to, residency, housing, programming,

31

employment, parole eligibility, recreation, excessive searches, and general

harassment and humiliation. Just one retaliative phone call can literally ruin

Plaintiff's entire life.

202.   Punitive damages against each individual in the amount to be determined at

trial.

203.   A jury trial on all triable issues.

204.   Attorney and expert witness fees and costs.

205.   Plaintiff's costs in this suit.

206.   Any additional relief this Court deems just, proper, and equitable.

Dated this 19th day of May, 2020.

/s/ Craig H. Durham
Craig H. Durham
Pro Bono Counsel for Plaintiff

**VERIFICATION**

I swear under penalty of perjury the aforementioned facts are true to the best of my ability, and those upon information and belief, I believe to be true.

Dated this 17th day of May, 2021.

Gerald Barcella

33

COMPLAINT EXHIBITS

GRIEVANCE NO. II190000153                     Pages 1.–3.

GRIEVANCE NO.II200000277                      Pages 4.–6.

GRIEVANCE NO. II200000525                     Pages 7.–13.

**IDAHO DEPARTMENT OF CORRECTION**
**Grievance/Appeal Form**

☑ **Grievance**

Offender's Name: Gerald Barcella    IDOC Number: 56305

Institution, Housing Unit, & Cell: ISCI/Unit 13/A 23A    Date: 02/12/19

**For Administrative Use**

| | |
|---|---|
| Facility: ISCI | Grievance Number: II190000153 |
| Date Collected: 2/15/19 | Grievance Category: Medical/Healthcare |

Date Forwarded to Offender's Previous Facility: _____
Name of Previous Facility: _____
Date Forwarded to Responder: _____

Level 1 Responder's Name: Brewer    Date Due: 3/3/19    Received: 3/3/19
Level 2 Responder's Name: Ti llmans    Date Due: 3/4/19    Received: 3/4/19
Final Grievance Decision: Denied    Date Sent to Offender: 3/5/19

**Offender Section**

The problem is: Corizon Medical has refused to give me any adequate treatment to alleviate the excruciating sciatica and back pain I experience despite literally dozens of HSRs concerns, grievances and office visits since 2006. An MRI in 2017 shows extensive back damage

I have tried to solve this problem informally by: HSR 1200881 (11/26/18) and rescheduled to be seen on 12-4-18 by Rogers, NP concern to Aaron Hofer (1-12-19) and Rogers request for neurological consult.

I suggest the following solution for the problem: Grant N.P. Rogers request for surgical neurological consult so further possible medical treatment to relieve the pain may be taken.

Offender's signature: Gerald Barcella

☑ **Appeal**    Date: 3/12/19    RCVd: 3/14/19

I am appealing the grievance for the following reason(s):

I have had bad sciatica since 2006 as documented in my medical file by literally dozens ot verbal complaints, HSRs, concerns and grievances. Corizon has repeatedly denied me medical care for this. There is no alternative or conservative treatment provided. It is NOTHING, I never worked in the EDD until mid 2017. I have only worked at Correctional Industries for approximately 20 work days 8/25-10/16 and again after medical layin from 12/26/18- until present. Sciatica was worse during inactivity in layin. My job has nothing to do with my condition. Dr Haggard and several of your providers have promised to provide care after my last surgery! Your threats are pure retaliation, please schedule oss consult.

Offender's signature: Gerald Barcella

Appendix B
316.02.01.001
(Appendix last updated 2/14/12)

1



*IDAHO*
*DEPARTMENT OF*
*CORRECTION*

# Idaho Department of Correction
# Grievance Form

| | | | | |
|---|---|---|---|---|
| Offender Name: | BARCELLA, GERALD ANGELO | | Location: | ISCI |
| Offender Number: | 56305 | | Number: | II 190000153 |
| | | | Category: | MEDICAL/HEALTHCARE |

## Offender Grievance Information

Date Received: 02/15/2019

The problem is:

Corizon Meidcal has refused to give me any adequate treatment to alleviate the excruciating sciatica and back pain I experience despite literally dozens of HSR's, concerns, grievances and office visits since 2006. An MRI in 2017 shows extensive back damage

I have tried to solve this problem informally by:

HSR 1200881 (11/26/18) and reschedued to be seen on 12-4-18 by Rogers, NP, concern to Aaron Hofer (1-12-19) and Rogers requested for neurological consult.

I suggest the following solution for the problem:

Grant N.P. Rogers request for surgical neurological consult so further possible Medical treatment to relieve the pain may be taken.

## Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 02/19/2019 | Date Returned: | 03/03/2019 |
| Date Due Back: | 03/05/2019 | Level 1 Responder: | BREWER, GEN |

The response from the staff member or person in charge of the area/operation being grieved:

Mr. Barcella,
I am sorry NP Rogers request was returned with an alternative treatment plan for the back pain you have had for 13 years. I will request the provider review your case. I see you work at C.I. and lifting may be aggravating and making your pain worse. If any restrictions are added, we will schedule you via HSR request, is you wish to discuss.
Thank you.

---

II 190000153      BARCELLA, GERALD ANGELO          56305

## Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 03/03/2019 | Grievance Disposition: | DENIED |
| Date Due Back: | 03/17/2019 | Level 2 Responder: | TILLEMANS, |
| Date Returned: | 03/04/2019 | Response sent to offender: | 03/05/2019 |

Your grievence has been reviewed and I find:

Mr. Barcella,
I am sorry you are having back and sciatica pain. Unfortunately, an alternative treatment plan has been recommended in favor of a neurology consult at this time.
Conservative management has bee advised so please continue to work with our onsite providers as needed.
Let me know if I can assist you. I hope you get to feeling better!
Thank you.

## Offender Appeal

Offender Comments:

I have had bad sciatica since 2006 as documented in my Medical file by literally dozens of verbal complaints, HSRs, concerns and grievances. Corizon has repeatedly denied me Medical care for this. There is no alternative or conservative treatment provided. It is nothing. I never worked in the IDOC until mid 2017. I have only worked at Correctional Industries for approximately 30 work days 8/28-10/16 and again after Medical layin from 12/26/18 - until preset. Sciatica was worse furing inactivity in layin. My job has to do with my condition. Dr. Haggard and several of your providers have promised to provide care after my last surgery. Your threats are pure retaliation. Please schedule oss consult.

## Level 3 - Appellate Authority Response

| | | | |
|---|---|---|---|
| Date Appealed: | 03/14/2019 | Grievance Disposition: | MODIFIED |
| Date Forwarded: | 03/19/2019 | Level 3 Responder: | SIEGERT, RONA |
| Date Due Back: | 04/04/2019 | Response sent to offender: | 04/03/2019 |
| Date Returned: | 04/02/2019 | | |

Your appeal has been reviewed and I find:

Mr. Barcella:

I'm sorry you have ongoing back pain. The alternative treatment plan in lieu of a neurology appointment was based on your 12/20/2018 provider encounter. The suggested treatment at that appointment was for a R hip x-ray which was done on 1/2/2019 and to likely plan a steroid injection after the x-ray as well as physical therapy. After reviewing your medical record I don't see that an injection or physical therapy were ordered. I would encourage you to request an appointment with a provider to discuss the parts of your alternative treatment plan that have not been ordered.

---

**IDAHO DEPARTMENT OF CORRECTION**
Grievance/Appeal Form

*B32*

☑Grievance

Offender's Name: *Gerald Barcelle*          IDOC Number: *56305*

Institution, Housing Unit, & Cell: *ISCI / Unit 10 / B32A*   Date: *04/08/20*

| For Administrative Use | |
|---|---|
| Facility: *ISCI* | Grievance Number: *IF200000277* |
| Date Collected: *4/10/20* | Grievance Category: *Medical* |

Date Forwarded to Offender's Previous Facility: _____
Name of Previous Facility: _____
Date Forwarded to Responder: _____

Level 1 Responder's Name: *Brawen*   Date Due: *4/28/20* Received: *4/15/20*
Level 2 Responder's Name: *McMillin*   Date Due: *5/1/20* Received: *4/15/20*
Final Grievance Decision: *Modified*   Date Sent to Offender: *4/15/20*

**Offender Section**

The problem is: *I have been in pain from sciatica since diagnosed in 2006. Condition has went from serious to severe from 2017 x-ray & 2019 x-ray. I have been denied any viable relief, Phys therapy exhausted, pain meds ineffective. Cannot lie on back, sit, stand, walk, exercise w/o pain. UMT keeps denying OSS followups or appointment*

I have tried to solve this problem informally by: *100 HSRs concerns since 2017 Grievance (90000153 (3/8/19) HSR 1396928, concern to Dr Hagsard 03/12/20, Ongoing issue, HSR 1285038 (01/01/20)*

I suggest the following solution for the problem: *Follow surgeon orders for follow up to discuss further options as he said do, or send me to another OSS.*

Offender's signature: *[signature]*

---

☒ Appeal   Date: *04/18/20*   REC'D: *4/21/20*   *SI_____DUE: 5/8/20*
*REC'D: 5/4/20 -MODIFIED-*

I am appealing the grievance for the following reason(s):

*I've filed over 100 HSR & concerns since 2017. Excruciating pain since 2006, Rona Siecort 03/08/19 grievance said to do p/t, epidural steroid injections. Both exhausted. Another HSR will not do anything. The last 100 haven't. NP Rogers told me Corizon will not send me to an OSS unless I have loss of bowel control. despite my pain. You have caused me to have borderline chronic kidney failure due to NSAID use since 1999. Specialist Bradley, MD told me he scheduled a follow-up appointment to discuss surgical options if ESIs failed. They have failed. I keep telling this to providers. UMT twice denied followup. I want this followup. My back pathology is "serious" & worsening per x-ray results. I am jigh going to end up crippled*

Offender's signature: *[signature]*

Appendix B
316.02.01.001
(Appendix last updated 2/14/12)

4



# Idaho Department of Correction
## Grievance Form

| | | | | |
|---|---|---|---|---|
| Offender Name: | BARCELLA, GERALD ANGELO | | Location: | ISCI |
| Offender Number: | 56305 | | Number: | II 200000277 |
| | | | Category: | MEDICAL/HEALTHCARE |

## Offender Grievance Information

Date Received:  04/10/2020

The problem is:

I have been in pain from sciatica since diagnosed in 2006. Condition has went from serious to severe from 2017 - xray - 2019 x-ray. I have been denied any viable relief. Phys therapy exhausted, pain meds ineffective. Cannot lie on back, sit, stand, walk, exercise w/o pain. OMT keeps denying OSSW follow ups or appointments

I have tried to solve this problem informally by:

100 HSRS concerns since 2017 Grievance 190000153 (3/3/19) HSR 1396928, concern to Dr. Haggard 03/12/20. Ongoing issue. HSR 1285038 (01/01/20)

I suggest the following solution for the problem:

follow surgeons orders for follow up to discuss for the options as he said do, or send me to another OSS.

## Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 04/14/2020 | Date Returned: | 04/15/2020 |
| Date Due Back: | 04/28/2020 | Level 1 Responder: | BREWER, GEN |

The response from the staff member or person in charge of the area/operation being grieved:

Mr. Barcella,

I reviewed your chart and in Nov 2019 it was recommended that you receive non surgical intervention to include an injection, which you received on 2/24/2020. If you still have no relief please submit an HSR with your concerns. thank you

---

II 200000277        BARCELLA, GERALD ANGELO            56305

## Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 04/15/2020 | Grievance Disposition: | MODIFIED |
| Date Due Back: | 05/01/2020 | Level 2 Responder: | MCMILIAN, TONYA |
| Date Returned: | 04/15/2020 | Response sent to offender: | 04/15/2020 |

Your grievence has been reviewed and I find:

Mr. Barcella,

I am sorry to hear you are still having sciatica pain after we sent you offsite for your epidural injection. It appears that you have not had any relief with many of the medications and treatments we have offered you to include PT, prednisone, gabapentin for nerve pain.

Recently your gabapentin was increased and Tylenol and muscle relaxer was added. The provider has also recommended you continue with your home exercises and stretching.

If your pain continues after this regimen trial, please submit another HSR to discuss further options.

Thank you.

## Offender Appeal

Offender Comments:

Ive filed over 100 HSRs concerns since 2017. Excruciating pain since 2006. Rona Siegert 03/05/19) grievance said to do plt, epidural steroid injections. Both exhausted. Another HSR will not do anything the last 100 haven't NP Rogers told me Corizon will not send me to an OSS unless I have loss of bowel control. despite my pain. You have caused me to have borderline chronic kidney failure due to NSAID use since 1999. Specialist Bradley, MD told me he scheduled a follow-up appointment to discuss surgical options if ESIs failed. They have failed. I keep telling this to providers. OMT twice denied follow up. I want this follow up my back pathology is "serious" & worsening per xray results. I am going going to end up crippled.

## Level 3 - Appellate Authority Response

| | | | |
|---|---|---|---|
| Date Appealed: | 04/21/2020 | Grievance Disposition: | MODIFIED |
| Date Forwarded: | 04/22/2020 | Level 3 Responder: | SIEGERT, RONA |
| Date Due Back: | 05/08/2020 | Response sent to offender: | 05/04/2020 |
| Date Returned: | 05/04/2020 | | |

Your appeal has been reviewed and I find:

Mr. Barcella:

I'm sorry you continue to have pain. A review of your medical record shows on 3/31/2020 you were seen in clinic by provider Rogers. At that appointment NP Rogers discussed your treatment plan which included requesting another offsite referral once the Coronavirus restrictions change. I know the restrictions are inconvenient but must be followed to keep everyone safe.

Rona Siegert RN, CCHP-RN
Idaho Department of Correction

**IDAHO DEPARTMENT OF CORRECTION**
Grievance/Appeal Form

*FWA 6/22/20*
*Memo sent 7/1/20*

☑ **Grievance**

Offender's Name: _Gerald Barcella_   IDOC Number: _56305_

Institution, Housing Unit, & Cell: _ISCI / 13 / B14A_   Date: _04/14/20_

| For Administrative Use | |
|---|---|
| Facility: _ISCI_ | Grievance Number: _II-20000525_ |
| Date Collected: _6/18/20_ | Grievance Category: _MEDICAL_ |

Date Forwarded to Offender's Previous Facility: _____
Name of Previous Facility: _____
Date Forwarded to Responder: _____

Level 1 Responder's Name: _____ Date Due: _____ Received: _____
Level 2 Responder's Name: _____ Date Due: _____ Received: _____
Final Grievance Decision: _____ Date Sent to Offender: _6/22/20_

| Offender Section |
|---|

The problem is: my back pathology and pain has exponentially increased over the last several months despite Corizon's denial of this. Pain since 2006. Pain is spreading to rt. testicle, pelvic area, upwards in sides & back. I've had to quit two jobs since 06/03/20 doc to pain. My gait is horrible, getting worse, I am losing function. I am in pain, all day & night long. I'm losing leg strength. Laying on my stomach 24/7 is only thing to stop pain.

I have tried to solve this problem informally by: HSR 133383l5 4/28/20, Concern's file Wesley 05/22/20, 06/05/20, Grievances 200000277, 190000153 100's of HSR's, Concern's, verbal requests.

I suggest the following solution for the problem: Return me to the back specialist for the follow-up he ordered or to another specialist. Something needs to be done. Everything you have tried has not worked for several years now. You are purposely denying effective care.

Offender's signature: _Gerald Barcella_

☑ **Appeal**   Date: _06/23/20_

I am appealing the grievance for the following reason(s):

UMT denied OSS consult that Rona Siegert said I'd be put in for in her response to appeal on Grievance II200000277. Her answer was either bogus or previous that grievance response was not a validated. Patients are being sent out for OSS consult. Mine was denied.

Offender's signature: _____

Appendix B
316.02.01.001
(Appendix last updated 2/14/12)



# IDAHO DEPARTMENT OF CORRECTION

*Protect the public, our staff and those within our custody and supervision*

| BRAD LITTLE | JOSH TEWALT |
|---|---|
| Governor | Director |

Date: July 1, 2020

To:  Gerald Barcella, 56305

From:  Ecco Barney, Grievance Coordinator

Re:  RWA II200000525 paperwork

Inmate Barcella,

Your Grievance has been Returned Without Action (RWA) due to the following reason: The issue was previously grieved under grievance number: II200000277.

Also, I cannot accept the information you provided in the "Appeal" section of the RWA II200000525. Not only have you exhausted your ability to grieve this issue, but you cannot submit your appeal until the grievance decision is rendered. This return without action paperwork has already been assigned an RWA number, which is why I am addressing you via this memo.

Please let me know if you have any further questions regarding this matter.

Thank you,

Ecco Barney

IDAHO DEPARTMENT OF CORRECTION
Grievance Transmittal Form

*PWA II20000 S25*

Facility: ISCI                                          Date: 6/22/20

**To:** Inmate Name: BARCELLA                          IDOC Number: 56305
Institution, Housing Unit, & Cell: ISCI 13 B 14 A

**From:** E. BARNEY                                    ☒ Grievance Coordinator  ☐ Other

The attached form is being returned without action being taken because:

☐ You did not submit the grievance within 30 days of the incident.

☐ You did not submit the appeal within 14 days of the review authority's decision.

☐ The form is not handwritten (it cannot be typed).

☐ The form is not legible.

☐ You did not include with the grievance an answered or signed *Inmate Concern Form(s)* that shows your attempts to resolve the issue informally with applicable staff.

☐ You have three (3) open/active grievances (including appeals) in the system, which is the maximum number you are allowed.

☐ You have raised more than one specific issue.

☐ The grievance does not contain a reasonable and clear description of the problem.

☐ The grievance does not describe how you tried to resolve the issue informally.

☐ The grievance does not contain specific information such as dates, places, and names.

☐ Your description of the problem is not written in or within the appropriate area on the form. (Written comments must not exceed the space designated for writing comments.)

☐ The grievance is not written in a civil, concise, or understandable language; or it is not to the point. (Grievances cannot contain vague issues/complaints, personal attacks, or harass staff members.)

☐ You did not suggest a solution.

☐ You did not sign the form.

☐ You cannot submit your appeal until the grievance decision is rendered.

☒ The issue was previously grieved under grievance number: II20000277 .

☐ The issue/complaint is not grievable as indicated in standard operating procedure 316.02.01.001, *Grievance and Informal Resolution Procedures for Inmates*, and must be addressed as follows: _____
_____
_____

☐ You cannot grieve the length of your sentence or a decision that is under the jurisdiction of the court or Idaho Commission of Pardons and Parole.

☐ This problem is beyond the Idaho Department of Correction's (IDOC's) control.

☐ Other (must be approved by the review or appellate authority): _____
_____
_____

Appendix D
316.02.01.001
(Appendix last updated 6/04/18)

9



# Idaho Department of Correction
# Grievance Form

| | | | | |
|---|---|---|---|---|
| Offender Name: | BARCELLA, GERALD ANGELO | | Location: | ISCI |
| Offender Number: | 56305 | | Number: | II 200000525 |
| | | | Category: | MEDICAL/HEALTHCARE |

## Offender Grievance Information

Date Received:          06/18/2020

The problem is:

Back pain, increasing pain.

Your Grievance has been Returned Without Action (RWA) due to the following reasons:

1. The issue was previously grieved under grievance number: II200000277
You have exhausted the ability to grieve this issue. I have enclosed a copy of the last grievance responses. I would suggest reviewing it to assist with taking your next step.

I have tried to solve this problem informally by:

I suggest the following solution for the problem:

## Level 1 - Initial Response

Date Forwarded:                              Date Returned:

Date Due Back:          06/18/2020          Level 1 Responder:

The response from the staff member or person in charge of the area/operation being grieved:

II 200000525          BARCELLA, GERALD ANGELO                    56305

## Level 2 - Reviewing Authority Response

Date Forwarded:                              Grievance Disposition:

Date Due Back:                               Level 2 Responder:

Date Returned:                               Response sent to offender:

Your grievence has been reviewed and I find:

## Offender Appeal

Offender Comments:

## Level 3 - Appellate Authority Response

Date Appealed:                               Grievance Disposition:

Date Forwarded:                              Level 3 Responder:

Date Due Back:                               Response sent to offender:

Date Returned:

Your appeal has been reviewed and I find:



**IDAHO**
*DEPARTMENT OF*
*CORRECTION*

# Idaho Department of Correction
# Grievance Form

| | | | | |
|---|---|---|---|---|
| Offender Name: | BARCELLA, GERALD ANGELO | | Location: | ISCI |
| Offender Number: | 56305 | | Number: | II 200000277 |
| | | | Category: | MEDICAL/HEALTHCARE |

## Offender Grievance Information

Date Received:        04/10/2020

The problem is:

I have been in pain from sciatica since diagnosed in 2006. Condition has went from serious to severe from 2017 - xray - 2019 x-ray. I have been denied any viable relief. Phys therapy exhausted, pain meds ineffective. Cannot lie on back, sit, stand, walk, exercise w/o pain. OMT keeps denying OSSW follow ups or appointments

I have tried to solve this problem informally by:

100 HSRS concerns since 2017 Grievance 190000153 (3/3/19) HSR 1396928, concern to Dr. Haggard 03/12/20. Ongoing issue. HSR 1285038 (01/01/20)

I suggest the following solution for the problem:

follow surgeons orders for follow up to discuss for the options as he said do, or send me to another OSS.

## Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 04/14/2020 | Date Returned: | 04/15/2020 |
| Date Due Back: | 04/28/2020 | Level 1 Responder: | BREWER, GEN |

The response from the staff member or person in charge of the area/operation being grieved:

Mr. Barcella,

I reviewed your chart and in Nov 2019 it was recommended that you receive non surgical intervention to include an injection, which you received on 2/24/2020. If you still have no relief please submit an HSR with your concerns. thank you

II 200000277        BARCELLA, GERALD ANGELO              56305

## Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 04/15/2020 | Grievance Disposition: | MODIFIED |
| Date Due Back: | 05/01/2020 | Level 2 Responder: | MCMILIAN, TONYA |
| Date Returned: | 04/15/2020 | Response sent to offender: | 04/15/2020 |

Your grievence has been reviewed and I find:

Mr. Barcella,

I am sorry to hear you are still having sciatica pain after we sent you offsite for your epidural injection. It appears that you have not had any relief with many of the medications and treatments we have offered you to include PT, prednisone, gabapentin for nerve pain.

Recently your gabapentin was increased and Tylenol and muscle relaxer was added. The provider has also recommended you continue with your home exercises and stretching.

If your pain continues after this regimen trial, please submit another HSR to discuss further options.

Thank you.

## Offender Appeal

Offender Comments:

Ive filed over 100 HSRs concerns since 2017. Excruciating pain since 2006. Rona Siegert 03/05/19) grievance said to do plt, epidural steroid injections. Both exhausted. Another HSR will not do anything the last 100 haven't NP Rogers told me Corizon will not send me to an OSS unless I have loss of bowel control. despite my pain. You have caused me to have borderline chronic kidney failure due to NSAID use since 1999. Specialist Bradley, MD told me he scheduled a follow-up appointment to discuss surgical options if ESIs failed. They have failed. I keep telling this to providers. OMT twice denied follow up. I want this follow up my back pathology is "serious" & worsening per xray results. I am going going to end up crippled.

## Level 3 - Appellate Authority Response

| | | | |
|---|---|---|---|
| Date Appealed: | 04/21/2020 | Grievance Disposition: | MODIFIED |
| Date Forwarded: | 04/22/2020 | Level 3 Responder: | SIEGERT, RONA |
| Date Due Back: | 05/08/2020 | Response sent to offender: | 05/04/2020 |
| Date Returned: | 05/04/2020 | | |

Your appeal has been reviewed and I find:

Mr. Barcella:

I'm sorry you continue to have pain. A review of your medical record shows on 3/31/2020 you were seen in clinic by provider Rogers. At that appointment NP Rogers discussed your treatment plan which included requesting another offsite referral once the Coronavirus restrictions change. I know the restrictions are inconvenient but must be followed to keep everyone safe.

Rona Siegert RN, CCHP-RN
Idaho Department of Correction